Irving LINICK, Formerly d/b/a
Link Linick Insurance
Agency, Appellant,

v.

EMPLOYERS MUTUAL CASUALTY
COMPANY and Emasco Insurance
Company, Appellees.

No. 04-91-00213-CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1991.

**298**

Richard C. Keene, Law Offices of Richard C. Keene, P.C., San Antonio, for appellant.

Joseph S. Babb and Susanne Underwood, Babb & Babb, P.C., Austin, for appellees.

Before REEVES, C.J. and GARCIA, and BISSETT[1], JJ.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

OPINION

BISSETT, Justice (Assigned).

This is an appeal by Irving Linick, formerly d/b/a Linick Insurance Agency, plaintiff in the trial court, from an order which dismissed his cause of action against Employers Mutual Casualty Company and Emasco Insurance Company, defendants in the trial court.

The sole issue presented by this appeal is whether the judiciary or an administrative board, i.e., the State Board of Insurance of Texas, has primary jurisdiction over a *civil suit* for damages brought by a local recording agent against an insurance company for failing to comply with the Texas Insurance Code and an Agency–Company Agreement. The resolution of such issue is dependent upon the interpretation of TEX. INS.CODE ANN. art. 21.11–1 § 5 (Vernon 1981), *"Cancellation of Agency Contracts by Fire and Casualty Insurance Companies,"* which reads:

> If it is found, after notice and an opportunity to be heard as determined by the board, that an insurance company has violated this article, the insurance company shall be subject to a civil penalty of not less than $1,000 nor more than $10,000, and it shall be subject to a civil suit by the agent for damages suffered because of the premature termination of the contract by the company.

Suit was originally filed July 27, 1989. Thereafter, on or about November 7, 1989, appellant filed its First Amended Original Petition. Appellant alleged, in summary, that the Company, contrary to their Agreement, Section 21.11–1 Texas Insurance Code, and to 28 Texas Administrative Code § 1.703, 5.7009 *et seq.*, 7.604 *et. seq.* and 15.06, systematically, negligently, willfully, intentionally, and/or maliciously failed and refused to: 1) renew policies of insurance, theretofore issued by the Company to the clients, customers and insureds solicited by him; and 2) issue policies of insurance on any new business or increases in liability

GOV'T CODE ANN. § 74.003 (Vernon 1988).

on renewal of in-force business on a fairly evaluated basis; which resulted in damages to appellant.

The obligation of appellees to renew policies and issue policies is not set out in the Agency–Company Agreement which is attached to the First Amended Original Petition as Exhibit "A". Such obligation, to the extent that it might apply to appellant, appears to be contained within the requirements of the TEX.INS.CODE ANN. art. 21.11–1 (Vernon 1981).

Appellees, by their First Amended Original Answer, Plea to the Jurisdiction, and First Amended Motion to Dismiss, asserted that the First Amended Original Petition claimed violations of article 21.11–1 as the sole proximate cause of all damages. Therefore, it is claimed that a finding by the State Board of Insurance that appellees violated such article was a prerequisite to bringing a civil suit for damages. In appellees' Plea to the Jurisdiction and First Amended Motion to Dismiss, it was urged that appellant had failed to exhaust his administrative remedies as contemplated by article 21.11–1 § 5, and had failed to plead that all conditions precedent had been satisfied prior to filing civil suit. Appellees claimed that failure to follow the statutorily required procedures resulted in the trial court's lack of jurisdiction over appellant's cause of action. We agree.

The trial court's Order of Dismissal evidences that the findings made were in consideration of Defendant's Special Exception, Plea to the Jurisdiction, and Motion to Dismiss. The trial court specifically found that under the facts as alleged in the First Amended Original Petition, section 5 of article 21.11–1 required appellant to secure a finding from the State Board of Insurance that appellees had violated article 21.11–1 prior to their instituting a civil suit for damages against appellees. The Order of Dismissal was signed and rendered on February 28, 1991.

Appellant presents a single point of error in this appeal. It states the following:

The sustaining of the Plea to the Jurisdiction asserted by EMPLOYERS and the Dismissal of the civil suit of LINICK

by the trial court was error as jurisdiction of that court was not dependent upon a finding by the State Board of Insurance, prior to the institution of suit by LINICK, that EMPLOYERS violated Article 21.11–1 of the Texas Insurance Code.

The business of insurance has historically been closely regulated in this state. In *Board of Ins. Comm'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803, 808–09 (1951), the Texas Supreme Court, construing article 4764(a), stated: "As early as 1909, the Legislature recognized that the writing of life insurance was a business affected with the public interest and subject, therefore, to regulation to prevent abuses and discrimination." The Court acknowledged that legislation regulating the writing of life insurance "safeguards the rights of the policy holder, not alone by prescribing the form and content of his policy, but by undertaking as well to insure the solvency of the company with which he contracts." *Id.*, 239 S.W.2d at 811. In *Daniel v. Tyrrell and Garth Inv. Co.*, 127 Tex. 213, 93 S.W.2d 372 (1936), the Texas Supreme Court stated that "the business of insurance, generally, is now recognized to be one affected by public interest." *Id.*, 93 S.W.2d at 374–75.

It is this public interest which brings the regulation of insurance by the Legislature squarely within the state's police power. *See, e.g., Nunley v. The State Board of Ins.*, 552 S.W.2d 624, 627 (Tex. Civ.App.—Eastland 1977, writ ref'd n.r.e.). The courts of this state have long recognized that the wisdom of exercising police power is largely for legislative rather than judicial determination. *Jefco Inc. v. Lewis*, 520 S.W.2d 915, 922 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Therefore, courts have been reluctant to disturb its exercise. *See Great Southern Life Ins. Co.*, 239 S.W.2d at 812. Grounded in the separation of power doctrine, "there is a strong presumption that a legislature understands and correctly appreciates the needs of its own people, that its laws are directed at problems made manifest by experience, and that its discriminations are based upon ade-

quate grounds." *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968). The Legislature, by proper grant, may delegate the exercise of police power to administrative agencies. *See Jefco, Inc.,* 520 S.W.2d at 922.

■ Where the public interest is involved, individuals' rights often yield to overriding public interests and are often regulated under the police power of the State. *Palmer v. Unauthorized Practice Comm. of the State Bar of Texas,* 438 S.W.2d 374, 376–77 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). Thus, contractual relations between parties can be regulated and the freedom of contract restricted to such a degree as is necessary for the reasonable protection of the public.

It can hardly be disputed that the insurance industry is highly regulated. Virtually every aspect of the organization and operation of insurance companies themselves is under the control of the State Board of Insurance. Likewise, the licensing and business activity of local recording agents is heavily controlled and regulated. *See,* TEX.INS.CODE ANN. art. 21.14 (Vernon 1981 and 1991 Supp.).

■ In addition to legislative control over the organization and structure of insurance companies, the licensing and sources of solicited writings by local recording agents, and the policy terms themselves, the Legislature has also determined that it should control the contractual relationship between insurance companies and agents. Therefore, the Legislature has mandated in article 21.11–1 certain procedures to be followed in the cancellation of agency contracts by life and casualty insurance companies. The provisions for termination and conduct of the business relationship following such termination are statutorily prescribed. The statute illustrates the fact that the relationship between insurance companies and their agents is not derived from the common law and is not exempt from statutory control under a freedom of contract or private right of contract theory.

■ Appellant suggests that section 5 of article 21.11–1 is unclear and that it must be construed in accordance with the rules of statutory construction. Appellees, to the contrary, assert that the statutory provision, in accordance with the standard rules of grammatical construction, is clear. We agree with appellees. If the State Board of Insurance, after proper notice has been given and after an opportunity to be heard has been afforded, finds that an insurance company has violated the article, two events may occur. First, the insurance company "shall be" subject to a civil penalty of not less than $1,000.00; this civil penalty is mandatory. *Second,* the insurance company, shall be "subject to a civil suit by the Agent." This civil suit may be brought for damages suffered because of premature termination of the contract by the company. This is not just any civil suit, but is one for statutory damages derived solely from statutorily created obligations. Such a suit does not exist at common law.

■ The trial court found that appellants brought their civil suit for damages statutorily authorized by article 21.11–1. The prerequisite to filing such a suit is clear. However, no finding was obtained and appellant neither pleaded nor showed by competent evidence that the statutorily mandated prerequisite to filing suit had been complied with. In short, the statute means what it says.

■ The rules of statutory construction support this interpretation of the clear language of section 5. The purpose of statutory construction is always to ascertain legislative intent. *Woods v. Littleton,* 554 S.W.2d 662, 665 (Tex.1977); *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273, 278 (1951). Where the intent is clear, it will be given effect, even if the result appears to the Courts to be harsh, or even ill-advised. *Boudreaux v. Texas and N.R.O. Co.,* 78 S.W.2d 641, 644 (Tex.Civ.App.—Beaumont 1935, writ ref'd). Every word included in a statute must be presumed to have been used for a purpose and every word excluded for a

purpose. *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981).

In ascertaining this intent, the Legislature has provided that words and phrases shall be read in context and construed according the rules of grammar and common usage. Code Construction Act, TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). It is presumed that the statute is constitutional, that the entire statute is intended to be effective, that a just and reasonable result is intended, that a result is feasible of execution, and that *public interest is favored over any private interest. See* Code Construction Act, TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988). With these presumptions in mind, a court may consider, among other things, the object sought to be obtained and the consequences of any particular construction. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988); *Cole v. Texas Employment Comm'n*, 563 S.W.2d 363, 367 (Tex.Civ.App.—Fort Worth 1978, writ dism'd).

As the Supreme Court stated in *Satterfield v. Satterfield*, 448 S.W.2d 456 (Tex. 1969),

> [i]f a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview ...

*Id.* at 459. However, in the instant case, the trial court did not extend the statute beyond its plain meaning or apply it to a case not clearly within is purview. *Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644, 645–46 (Tex.1986) (interpreting TEX.INS.CODE ANN. art. 21.49 § 9).

In *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (1991), the Supreme Court found that a statutory prerequisite to filing suit in district court for alleged employment discrimination was the filing of a complaint with the commission. The court there concluded that the exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the Commission of Human Rights Act, TEX.REV.CIV.STAT.ANN. art. 5221k (Vernon 1987). Its reasoning was, in part, that the Act does not provide an unconditional private right of action. Rather, suit was based entirely on a statutory cause of action arising under the Act. The court considered the statutory provisions mandatory and exclusive and stated that they had to be followed or the action would not be maintainable because of a lack of jurisdiction. *See also, Grounds v. Tolar Indep. School Dist.*, 707 S.W.2d 889 (Tex.1986).

It is quite reasonable that the legislature intended that the State Board of Insurance determine in every instance whether an insurance company had violated article 21.-11–1. This would comport with the broad authority the legislature has conferred on the State Board of Insurance to implement the close regulation of both insurance companies and licensed agents. It is also reasonable to assume that one of the purposes behind the legislature's conferring jurisdiction on the State Board of Insurance to make the preliminary fact finding was to provide for uniformity of decision making. Long ago the Texas Supreme court recognized the applicability of these various considerations in *Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364, 367–68 (1933).

To read section 5 of article 21.11–1 as not requiring a preliminary finding by the State Board of Insurance as a prerequisite to the institution of civil suit for purely statutory damages arising out of a purely statutory cause of action disregards the clear language of the statute. Reading the statute to require such a preliminary finding furthers the entire statutory program of regulation of the relationship between agents and insurance companies. It is for the legislature, in the exercise of its police power, and not the courts, to determine whether the State Board of Insurance shall have such jurisdiction. There is no constitutional impediment to reading the statute as it is worded and no constitutional complaint has been raised in this appeal. The

trial court properly dismissed appellant's cause of action.

Appellee's request that this Court award attorney's fees to them is denied.

The judgment of the trial court is affirmed.