

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 7, 1995

Honorable Senfronia Thompson
Chair
Committee on Judicial Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-342

Re: Whether witness fees under section 22.001, Texas Civil Practice and Remedies Code, must be paid to a person who is subpoenaed to appear and give testimony at a location other than the courthouse (RQ-667)

Dear Representative Thompson:

You have requested an opinion from this office construing section 22.001, Texas Civil Practice and Remedies Code. Section 22.001 was amended by House Bill 887 during the seventy-third legislative session, to require that a flat fee of $10 be paid to witnesses who were subpoenaed to appear in court. Act of April 28, 1993, 73d Leg., R.S., ch. 103, 1993 Tex. Sess. Law Serv. 192, 193. Pursuant to this amendment you ask whether witness fees under the section must be paid to a person who is subpoenaed to appear and give testimony at a location other than a courthouse. Section 22.001 provides:

> (a) Except as provided by Section 22.002[1], a witness is entitled to 10 dollars for each day the witness attends court. This fee includes the entitlement for travel and the witness is not entitled to any reimbursement for mileage traveled.
>
> (b) The party who summons the witness shall pay that witness's fee for one day, as provided by this section, at the time the subpoena is served on the witness.
>
> (c) The witness fee must be taxed in the bill of costs as other costs.

Civ. Prac. & Rem. Code § 22.001 (footnote added). You suggest that the legislative intent of section 22.001 was to tacitly exclude payment of such fees to witnesses who were subpoenaed for deposition at a place other than the courthouse. However, we

---

[1]Section 22.022 provides that "[a] witness who is represented to reside 150 miles or less from a county in which a suit is pending or who may be found within that distance at the time of trial on the suit may be subpoenaed in the suit."

believe that the word "court," as used in this provision, does not have the narrow meaning of the courthouse but includes any evidentiary proceeding within the lawsuit.

We begin our analysis by considering the scope of the term "attends court" and similar expressions in section 22.001 and its predecessors. An analysis of the history of the predecessor of section 22.001, V.T.C.S. article 3708, and its connection with the other articles that were moved into part II, section 9, of the Rules of Civil Procedure is instructive. Former V.T.C.S. articles 3404 to 3769 (repealed by Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201, 201) addressed witnesses and evidence, as well as depositions. These provisions did not distinguish between trial and deposition testimony. Article 3708 addressed fees of witnesses and provided that

> [w]itnesses shall be allowed a fee of one dollar for each day they may be in attendance on the court, and six cents for every mile they may have to travel in going to and returning therefrom, which shall be paid on the certificate of the clerk, by the party summoning them; which certificate shall be given on the affidavit of the witness before the clerk. Such compensation and mileage of witnesses shall be taxed in the bill of costs as other costs.

We note that although this provision has been amended and rewritten, it has not been substantively changed. Such continuity suggests that the underlying purpose of this provision has not been altered.

Further, rule 201 of the Texas Rules of Civil Procedure, which provides that "[a]ny person may be compelled to appear and give testimony by deposition[2] in a civil action" (footnote added), was originally derived in part from former article 3754 unchanged and originally provided in part: "Any person may be compelled to appear and depose *in the*

---

[2]According to *Texas Jurisprudence*,

> The term "deposition" is sometimes used in a broad sense to describe any written statement verified by oath; but in its more appropriate and technical sense, the meaning of the word is limited to the transcribed testimony of the witness given in the course of a judicial proceeding, in advance of trial or hearing, upon oral examination or in response to written interrogatories, where an opportunity is given for cross examination.

31 TEX. JUR. 3D *Discovery and Depositions* § 49 (1994) (footnote omitted); *see* 3 AM JUR. 2D *Affidavit* § 1 (1986) (distinction between affidavit and deposition).

> On proof of service of a notice to take a deposition, written or oral, the clerk or any officer authorized to take depositions and any certified shorthand reporter must immediately issue and cause to be served on the witness a subpoena directing the witness to appear before the officer at the time and place stated in the notice for the purpose of giving the witness' deposition.

31 TEX. JUR. 3D *Discovery and Depositions* § 65 (1994) (footnote omitted).

*same manner as witnesses may be compelled to appear and testify in court . . . .*"[3] Tex. R. Civ. P. 201 historical note (emphasis added); *see* V.T.C.S. art. 3754 (repealed by Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201, 201). This provision seems to indicate that witnesses compelled to appear for the purpose of being deposed were entitled to the same fee as those compelled to appear to testify at the courthouse. Over the years rule 201 has been amended by the supreme court; the changes to the rule have not overruled the entitlement to witness fees. *See* Tex. R. Civ. P. 201 historical note (Vernon 1976 & Supp. 1994). As stated above, former V.T.C.S. articles 3704 to 3769 (repealed 1939) combined all provisions concerning witnesses and evidence with those addressing depositions, making no distinction between witnesses testifying during trial and those providing deposition testimony at locations other than the courthouse. Further, a deposition transcript may be read into evidence at trial, Tex. R. Civ. P. 207; *see* Tex. R. Civ. Evid. 801(e)(3), where, in most instances, the parties have reserved their evidentiary objections, *see* Tex. R. Civ. P. 204(4). We conclude that at any such proceeding, witnesses appearing pursuant to a subpoena are "attend[ing] court," pursuant to Civ. Prac. & Rem. Code § 22.001(a), and so are entitled to the payment of witness fees at the time of service.

Similarly, an individual who is compelled to act in response to a subpoena for the production of records, in addition to appearance as a witness, is entitled to a witness fee at the time of service. A witness may not be fined for failure to attend court, nor shall attachment issue in a civil suit, until it is shown to the court, by affidavit of the subpoenaing party or the party's agent or attorney, that all lawful fees have been paid or tendered to the witness. Tex. R. Civ. P. 179; *Texas & Pacific Ry. v. Hall*, 19 S.W. 121, 122 (Tex. 1892); *Kieffer v. Miller*, 560 S.W.2d 431, 432 (Tex. Civ. App.--Beaumont 1977, writ ref'd n.r.e.).

Furthermore, the legislative history of section 22.001 indicates that the amendments to the section were made in an effort to

> simplify the computation of and slightly increase the fees a witness is
> entitled to under the Civil Practices [sic] and Remedies Code. This
> bill also extends the distance of privileged travel for a witness
> traveling to and from a proceeding from 25 miles to 150 [miles].

House Comm. on Judicial Affairs, Bill Analysis, H.B. 887, 73d Leg. (1993). When ascertaining legislative intent, words and phrases shall be read in context and construed according to rules of grammar and common usage. *Linick v. Employers Mut. Casualty Co.*, 822 S.W.2d 297 (Tex. App.--San Antonio 1991, no writ); Gov't Code § 311.011. Further, where language of the statute is unambiguous and its meaning is clear, effect is

---

[3]Rules 201, 202, and 203 as originally adopted contained the provisions of articles 3754, 3755, and 3756, unchanged. *See* Tex. R. Civ. P. 201 historical note; *see also id.* Rules 202-203 historical note (repealed 1971).

given to the statute according to its terms. *Mathews Const. Co. v. Jasper Hous. Const. Co.*, 528 S.W.2d 323 (Tex. Civ. App.--Beaumont 1975, writ ref'd n.r.e.). Thus, we conclude that witness fees under section 22.001, Civil Practice and Remedies Code, must be paid to all persons who are subpoenaed to appear and give testimony, regardless of the location set in the subpoena.

## S U M M A R Y

> Witness fees under section 22.001, Texas Civil Practice and Remedies Code, must be paid to all persons who are subpoenaed to appear and give testimony, regardless of the location set in the subpoena.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Toya Cirica Cook
Assistant Attorney General