cv4-451.Deere.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00451-CV







John Deere Insurance Company, Appellant



v.



Commissioner of Insurance and Texas Department of Insurance, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 93-11174, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 The John Deere Insurance Company sought judicial review of an administrative
disciplinary order rendered by the Commissioner of the Texas Department of Insurance. By order
of June 24, 1993, the Commissioner concluded that Deere did not comply with the Texas
Insurance Code, article 21.11-1, because it failed to give sixty days' written notice of its intent
not to renew certain insurance contracts. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, sec.
1(b), § 5.02, 1991 Tex. Gen. Laws 1002 ("Article 21.11-1"). Additionally, the Commissioner
assessed an administrative penalty of $5,000 against Deere. See Act of May 27, 1991, 72d Leg.,
R.S., ch. 242, sec. 6, § 5.02, 1991 Tex. Gen. Laws 1003. (1) The district court upheld the
Commissioner's disciplinary order and the administrative penalty. On appeal to this Court, by
eight points of error, Deere complains that the district court erred in upholding the
Commissioner's order because (1) the Commissioner did not have statutory authority to make
certain findings; (2) substantial evidence does not support the Commissioner's order; and (3)
Deere was denied due process of law. We hold that statutory authority existed whereby the
Commissioner could make its findings, substantial evidence supports the order, and Deere has
failed to show that it was denied due process. We will affirm the district-court judgment.



BACKGROUND


 Before October 1, 1991, Integral Insurance Company, a Texas-licensed, Missouri-based, company wrote long-haul trucking insurance policies in Texas. In September 1991, the
director of Missouri's department of insurance placed Integral in rehabilitation. In an effort to
avoid liquidation, and pursuant to a Missouri court's rehabilitation plan, Integral transferred its
Texas long-haul trucking insurance policies to Deere.

 In accordance with the rehabilitation plan, and effective October 1, 1991, Deere
and Integral executed an "Aggregate Excess of Loss Reinsurance Agreement" which specified that




all rights, title, and interest in . . . [Integral's] insurance forms, filings, rates,
manuals, agent appointments, agency relationships, all property, plant and
equipment presently owned by . . . [Integral]



were transferred to Deere. (Emphasis added.) On October 3, 1991, Deere wrote a letter to
Gerald Tucker, an Integral insurance agent in Texas, stating that it would not be offering him an
agency appointment. Tucker wrote back to Deere informing it that, pursuant to Article 21.11-1,



a company shall renew all contracts for fire and casualty insurance for the agent
during a period of six months from the effective date of termination but in the
event any risk shall not meet current underwriting standards of the company, the
company may decline its renewal, provided that the company shall give the agent
not less than 60 days' notice of its intention not to renew the contract of insurance.



Article 21.11-1, § 1(b) (emphasis added). Deere answered Tucker by letter of October 8, 1991,
in which it (1) acknowledged that Tucker had "been contracted with us since February 1, 1987";
(2) stated that this letter would serve as a termination of agency notice to Tucker whereby his
termination would be effective April 8, 1992; and (3) stated that Deere would continue to renew
policies that met its underwriting guidelines until October 8, 1992. By letter of October 29, 1991,
contrary to its October 8, 1991 letter, Deere notified Tucker that it would not renew policies
beginning with those effective in January 1992. Deere then took a third stance in a November 22,
1991 letter. In that letter, Deere provided Tucker with an agency appointment whereby he was
to continue to renew policies that were originally produced as a result of his agency with Integral. 
Then Deere, after January 1, 1992, without giving Tucker the statutory sixty days' notice of its
intent not to renew the former Integral, now Deere, insurance policies, did not renew any of the
former Integral long-haul policies.

 After an investigation and a hearing by the Department of Insurance, the
Commissioner assessed a $5000 fine against Deere for failing to give the statutorily required sixty
days' notice to Tucker that it was not renewing the policies it had assumed from Integral.

 The district court affirmed the Commissioner's finding that Deere failed to give
Tucker sixty days' notice that it was not renewing the assumed Integral insurance policies. Deere
now appeals the Commissioner's disciplinary action to this Court.



 EXISTENCE OF AGENCY CONTRACT


 By point one, Deere contends that it never had an agency contract with Tucker,
consequently, it was impossible for it to have violated Article 21.11-1. Further Deere contends
that the Commissioner was without statutory authority to determine whether an agency contract
existed between Deere and Tucker. The Department responds that the Commissioner's task in
determining whether Deere violated Article 21.11-1 inherently included determining whether an
agency contract existed between Deere and Tucker. See Sexton v. Mount Olivet Cemetery Ass'n,
720 S.W.2d 129, 137 (Tex. App.--Austin 1986, writ ref'd n.r.e.). We agree.

 Article 21.11-1 provides statutory guidelines that must be followed by insurance
companies that do not want to renew their existing policies. A violation of Article 21.11-1 occurs
when an insurance company fails to renew contracts for fire and casualty insurance without giving
a 60-day notice to the insurance agent. Article 21.11-1, § 1(b).

 In this instance, because Deere denied the existence of a contract between it and
Tucker, it was necessary for the Commissioner to determine whether Deere and Tucker had a
contract before determining whether Deere violated Article 21.11-1. Once it determined that a
contract existed, then the Commissioner could continue to examine the facts and the conduct of
the parties to determine if there had been an Article 21.11-1 violation. We note that the
Commissioner's examination into Deere's and Tucker's conduct was not an adjudication of either
party's contractual rights. Additionally, no damages were awarded to Tucker as a result of the
Commissioner's disciplinary order. See Linick v. Employers Mut. Cas. Co., 822 S.W.2d 297,
299 (Tex. App.--San Antonio 1991, no writ) (State Board of Insurance violation finding is
prerequisite to agent's suit for damages against insurance company). (2) Because Deere denied the
existence of an agency contract, the Commissioner first had to determine whether a contract
existed between the two parties before proceeding to determine if Deere had violated Article
21.11-1. We overrule point of error one.



 SUBSTANTIAL EVIDENCE


 By points of error two, three, five, seven and eight, Deere contends that the
Commissioner's order is not supported by substantial evidence. See Tex. Ins. Code Ann. art.
1.04(a) (West Supp. 1996) (judicial review of Commissioner's ruling subject to substantial
evidence review under Administrative Procedure Act); Tex. Gov't Code Ann. § 2001.174(2)(E),
(F) (West 1996) (Administrative Procedure Act).

 By points two and three, Deere contends that substantial evidence does not exist
to support the Commissioner's finding that Deere assumed Integral's agency contract with Tucker. 
By point of error four, Deere contends that the only agency contract in existence was the one
between Integral and Tucker and, because that agency contract had been terminated, Deere was
not subject to the requirements of Article 21.11-1. Also, Deere contends by points seven and
eight that, since substantial evidence does not exist to support the Commissioner's finding that
Deere assumed Integral's agency contract with Tucker, consequently, substantial evidence does
not exist to support the Commissioner's imposition of the $5000 penalty against Deere. Finally,
Deere contends by point five that substantial evidence does not exist to show that Tucker did not
receive the statutorily required sixty-day advance notice of non-renewal for his Integral, now
Deere, insurance policies.

 In conducting a substantial-evidence review, we determine whether the evidence
as a whole is such that reasonable minds could have reached the conclusion the agency must have
reached in order to take the disputed action. Texas State Bd. of Dental Examiners v. Sizemore,
759 S.W.2d 114, 116 (Tex. 1988), cert. denied, 490 U.S. 1080 (1989); Texas Health Facilities
Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); Aetna Cas. & Sur.
Co. v. State Bd. of Ins., 898 S.W.2d 930, 933 (Tex. App.--Austin 1995, writ denied). We may
not substitute our judgment for that of the agency and may consider only the record on which the
agency based its decision. Sizemore, 759 S.W.2d at 116. The appealing party bears the burden
of showing a lack of substantial evidence. Charter Medical, 665 S.W.2d at 453. The appealing
party cannot meet this burden merely be showing that the evidence preponderates against the
agency decision. Id. at 452. Agency decisions that are not supported by substantial evidence are
deemed arbitrary and capricious. Public Util. Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201,
211 (Tex. 1991); Charter Medical, 665 S.W.2d at 454. Based upon Deere's actions shown in the
administrative record, we conclude that substantial evidence exists to support the Commissioner's
findings.

 Substantial evidence exists to support the Commissioner's conclusion that Deere
assumed the agency contract between Integral and Tucker. Evidence in the administrative record
included Integral's rehabilitation plan, a portion of which was the "Aggregate Excess of Loss
Reinsurance Agreement" executed by Deere and Integral. By this agreement, all agency
relationships were transferred to Deere. Also we note the reference in Deere's October 8, 1991
letter to Tucker in which Deere acknowledged that Tucker had been contracted with "us" since
1987. We overrule points of error two and three.

 Deere next asserts, by point of error four, that Article 21.11-1 is not applicable in
this instance because even if it did assume the contract between Tucker and Integral, Deere did
not have a contract with Tucker that had been in effect for more than two years. See Article
21.11-1, § 1(a). Deere, contends that therefore it did not have to comply with Article 21.11-1.

 The evidence before the Commissioner showed the history of Tucker's agency
contract as follows: (1) in 1987, Tucker signed an agency contract with Integral; (2) in November
1989, Integral sent Tucker an agency termination letter; (3) on March 2, 1990, by letter, Integral
rescinded the termination and stated that it would continue his 1987 contract; and (4) on October
1, 1991, Deere assumed the Integral-Tucker contract under the rehabilitation plan and by
executing the Reinsurance agreement with Integral. Based upon the administrative record,
substantial evidence exists to show that Tucker's agency contract with Integral was not terminated
in November 1989 and that Article 21.11-1 applies. We overrule point of error four.

 By point five, Deere contends that no substantial evidence shows that Tucker did
not receive the statutorily required sixty-day advance notice that Deere was not renewing the
former Integral insurance policies. We disagree. Substantial evidence shows that Tucker did not
receive any sixty-day notice of non-renewal from Deere. Additionally, we note that Deere argues
that the sixty-day notice requirement does not apply in this instance rather than contending that
it properly complied with Article 21.11-1. We overrule point five.

 Because we hold that substantial evidence exists to support Deere's assumption of
the agency contract between Integral and Tucker, we conclude that the Commissioner did not err
by imposing the $5000 administrative penalty against Deere for violating article 21.11-1 when
Deere did not give the required notice to its agent before failing to renew their insureds' policies. 
We overrule points of error seven and eight.

 By point of error six, Deere contends that Tucker unduly influenced the
Commissioner's decision when Tucker wrote a letter to the Commissioner after the administrative
hearing concluded, but before the Commissioner issued its order. Deere contends that Tucker's
letter was an ex parte contact with the Commissioner that violated the Administrative Procedure
Act, section 17, and Deere's guarantee of constitutional due process. Deere included a copy of
Tucker's letter for this Court's review.

 We find no evidence of any undue influence in the letter. By his letter, Tucker
expressed frustration about the amount of time that had elapsed since the hearing and that the
Commissioner had not yet issued its order. Tucker's letter was addressed to Georgia Flint,
Commissioner. We note that Acting Commissioner Schneider decided the case and there exists
no allegation or evidence that Commissioner Schneider was improperly contacted or influenced
in this case. We find no indication that Schneider reviewed any information other than what was
contained in the record. Deere has failed to show how it was denied due process of law. We
overrule point of error six.


CONCLUSION


 After addressing all of Deere's points of error, we affirm the district court's
judgment and uphold the Commissioner's finding that Deere violated Article 21.11-1 as well as
the Commissioner's assessment of the $5000 administrative penalty.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: August 14, 1996

Do Not Publish

1.   The penalty section of article 21.11-1 was amended in 1993. However, the
assessment of an administrative penalty pursuant to article 21.11-1 before September 1,
1993, is governed by the law in effect immediately before the 1993 amendment. See Act
of May 29, 1993, 73rd Leg., R.S., ch. 685, § 508, 1993 Tex. Gen. Laws 2601.
2.   In 1993, article 21.11-1 was amended to provide that any agent who sustained actual
damages as a result of a company's violation of article 21.11-1 may maintain a lawsuit
against the company without regard to whether there has been a finding by the
Commissioner that there was a violation of article 21.11-1. Tex. Ins. Code Ann. art.
21.11-1, § 7 (West Supp. 1996). 



not have a contract with Tucker that had been in effect for more than two years. See Article
21.11-1, § 1(a). Deere, contends that therefore it did not have to comply with Article 21.11-1.

 The evidence before the Commissioner showed the history of Tucker's agency
contract as follows: (1) in 1987, Tucker signed an agency contract with Integral; (2) in November
1989, Integral sent Tucker an agency termination letter; (3) on March 2, 1990, by letter, Integral
rescinded the termination and stated that it would continue his 1987 contract; and (4) on October
1, 1991, Deere assumed the Integral-Tucker contract under the rehabilitation plan and by
executing the Reinsurance agreement with Integral. Based upon the administrative record,
substantial evidence exists to show that Tucker's agency contract with Integral was not terminated
in November 1989 and that Article 21.11-1 applies. We overrule point of error four.