Opinion issued June 5, 2003











     

In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00085-CV




RUSSELL WATTS, PATRICK NAGLER, ERIC JAMES, WILLIAM
FENLEY, AND GEORGE NICASO, Appellants

V.

THE CITY OF HOUSTON AND THE FIREMEN’S AND POLICE
OFFICERS’ CIVIL SERVICE COMMISSION OF HOUSTON, TEXAS,
Appellees




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 01-14198




O P I N I O N
          This is an appeal of a summary judgment rendered against appellants Russell
Watts, Patrick Nagler, Eric James, William Fenley, and George Nicaso (the
firefighters) affirming the decision of the Firemen’s and Police Officers’ Civil Service
Commission of Houston, Texas (the commission) and the City of Houston (the City)
that the firefighters were not entitled to receive additional pay after being transferred
into new job positions. In three issues raised on appeal, the firefighters contend that 
the trial court improperly denied their motion for partial summary judgment and
improperly granted the City’s motion for summary judgment, because the
commission’s decision denying the firefighters’ appeal was not supported by
substantial evidence, and that the trial court erred by not issuing the declaratory
judgment requested by the firefighters.
          In an issue of first impression, the City contends that neither the district court
nor this Court has jurisdiction to consider the merits of this appeal. We hold that we
have jurisdiction to consider the appeal. We affirm.
                                   Factual and Procedural Background
          The Fire Department operates as a paramilitary organization with a hierarchical
structure composed of classified positions. All employees are initially hired as
firefighters and cannot be promoted until they have served at least two years in that
classified position. Thereafter, promotions are based upon an employee’s grades on
civil service examinations, tenure, and performance.
          The record shows that the firefighters completed their entrance-level cadet
training in February 1999, began serving as probationary firefighters for the City, and
achieved regular firefighter status in January 2000. Three months later, because of
severe staffing shortages in the dispatch division, the firefighters were transferred to
dispatch for one year’s service as “telecommunicators.” When the new firefighters
began working for the dispatch division, they functioned as call takers, a duty
previously performed only by junior alarm dispatchers. The junior alarm dispatchers
were concurrently assigned new duties.
          Junior alarm dispatchers are classified and paid at the rank of captain, two
classifications higher than the entry-level firefighter class. The junior alarm
dispatchers’ revised duties included supervising the new firefighters, filling in as call
takers when necessary, and dispatching personnel and equipment in response to
incoming calls. The firefighters were paid the same salary they had been receiving
when they worked in their respective fire stations. As a result, each filed a grievance
contending that he was performing the duties of a junior alarm dispatcher and seeking
to be paid a higher salary commensurate with his new assignments—pay equal to the
pay received by the junior alarm dispatchers. 
          The firefighters exhausted the grievance procedure, appealed the grievance
examiner’s decision to the commission, then appealed the commission’s decision to
the district court. At each step, their request for higher pay was denied.
Jurisdiction
          The City, relying on language in the Local Government Code specifying that
the decision of the commission regarding grievances is “final,” contends that the
district court lacked jurisdiction to hear the firefighters’ appeal. See Tex. Loc. Gov’t
Code Ann. § 143.131(c) (Vernon 1999). Consequently, the City argues that this
Court likewise has no jurisdiction. The City further challenges the jurisdiction of this
Court to hear this appeal because it contends that the grievances of four of the
firefighters were not timely filed. 
          Standard of Review
          As a threshold matter, we first address the question of whether the firefighters
were entitled to appeal the decision of the commission to district court. Matters of
statutory construction are questions of law for the court to decide. Johnson v. City
of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). Our objective in construing a
statute is to determine and give effect to the intent of the lawmaking body. Liberty
Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). In so
doing, we look first to the plain and common meaning of the statute’s words. Id. We
look at the entire act, and not at a single section in isolation from others. Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex. 1999). In
construing a statute, we presume that the statute is constitutional, that the entire
statute is intended to be effective, that a just and reasonable result is intended, that the
result is feasible of execution, and that the public interest is favored. Tex. Gov’t
Code Ann. § 311.021 (Vernon 1998); Linick v. Employers Mut. Cas. Co., 822
S.W.2d 297, 301 (Tex. App.—San Antonio 1991, no pet.). We should not adopt a
construction that would render a law or provision absurd or meaningless. See
Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987); Mueller v. Beamalloy,
Inc., 994 S.W.2d 855, 860 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
          Statutory Framework for Grievances
          Determining whether the firefighters were entitled to appeal the commission’s
decision to district court requires us to examine several sections of the Local
Government Code and harmonize these, not merely to examine in isolation the
provision upon which the City relies. Section 143.015 of the Code permits any
firefighter who is dissatisfied with any commission decision to file a petition in
district court seeking to set aside the decision. Tex. Loc. Gov’t Code Ann. §
143.015(a) (Vernon 1999). Despite this broad language, the City argues that section
143.015 does not apply to that portion of the statute which is applicable only to
municipalities with a population of 1.5 million or more, which provides that the
decision of the commission in a grievance proceeding is “final.” Id. § 143.131(c).
What we must determine is whether the word “final” in section 143.131(c) means
that, in municipalities with a population of 1.5 million or more, the commission’s
final decisions are “unappealable.”
          The Texas Legislature has set out a statutory framework in Chapter 143 of the
Local Government Code to handle grievances by municipal firefighters and police
officers in a fair, consistent, and orderly fashion. See id. §§ 143.101-143.363
(Vernon 1999); City of Houston v. Williams, 99 S.W.3d 709, 713 (Tex.
App.—Houston [14th Dist.] 2003, no pet.). 
          Subchapters A-F of Chapter 143 set out the rights and procedures that are
applicable to all municipalities with a population of 10,000 or more, that have paid
fire and police departments, and that establish a local civil service commission. Tex.
Loc. Gov’t Code Ann. §§ 143.001-143.089. Section 143.010 outlines the procedure
a firefighter must use to appeal to the commission. Id. § 143.010. As noted above,
section 143.015—permitting an appeal to district court of “any decision” by the
commission—is included in these generally applicable subchapters. Id. § 143.015(a). 
Also included is a section providing specifically for the right to appeal an indefinite
suspension, suspension, promotional pass over, or recommended demotion to an
independent third-party hearing examiner rather than to the commission. See id. §
143.057(a). 
          Chapter 143 was revised, effective September 1, 1987, to add Subchapter G,
sections 143.101 through 143.134 of the Code. Id. §§ 143.101-143.134. Subchapter
G is applicable only to municipalities with a population of 1.5 million or greater. Id.
§ 143.101(a). Subchapter G opens with the provision, “Except as otherwise provided,
the provisions of Subchapters A-F apply to each municipality covered under this
subchapter.” Id. § 143.101(b). The “Revisor’s Note (2)” to section 143.101
explains: “The revised law adds subsection (b) of this section to clarify the fact that
the provisions of Subchapters A-F of this chapter apply to each municipality covered
under this subchapter unless application is specifically excluded.” Id. § 143.101,
“Revisor’s Note (2).” Thus, subsection 143.015(a) in Subchapter A—permitting an
appeal to district court of any commission decision—applies unless “otherwise
provided” in Subchapter G; and Subchapter G does not otherwise provide unless the
application of a provision in Subchapters A-F is “specifically excluded.” Id. §
143.101.
          Subchapter G includes provisions that essentially mirror those in Subchapters
A-F, including a commission appeal procedure; appeal of a disciplinary suspension;
appeal of an indefinite suspension; and the right to appeal an indefinite suspension,
suspension, promotional pass over or recommended demotion to an independent
hearing examiner instead of to the commission. Id. §§ 143.1015, 143.1016, 143.118,
143.120.
          Subchapter G Four-Step Grievance Procedure
          What is unique to subchapter G is a four-step grievance resolution procedure
that cannot be utilized to complain of an indefinite suspension, suspension,
promotional pass over, recommended demotion, or an allegation of discrimination,
but that may be used to challenge other department decisions, such as written or oral
reprimands, transfers, job performance reviews, or job assignments. Id. § 143.127.
In Step I, after an employee files a written grievance, the departmental grievance
counselor arranges a meeting between the aggrieved employee and his immediate
supervisor to discuss the grievance. Id. § 143.128. In Step II, if the employee is not
satisfied with the outcome, the same procedure is followed and the department head
or his representative joins the employee and supervisor for further discussion. Id. §
143.129. If the employee is still dissatisfied, he may elect either to appeal to an
independent third-party hearing examiner under section 143.057 or to file a Step III
grievance form with the director in accordance with section 143.130. Id. §
143.129(d). At this point, the rights and remedies afforded by the four-step grievance
procedure diverge, according to the employee’s election.
          Appeal to Third-Party Hearing Examiner
          Following Step II of the four-step grievance procedure, the employee may elect
to proceed under section 143.057, which sets out a statutory arbitration process. See
id. §§ 143.057, 143.129(d). Upon being informed of the Step II decision, the
appealing firefighter or police officer may elect to submit a written request to the
director stating his decision to appeal to a hearing examiner. Id. § 143.057(a), (j). 
The letter informing the employee of this option must notify him that the decision of
the hearing examiner is not appealable except in cases of fraud or bias. Id. §
143.057(b). If the employee chooses this option, he and the department head, or the
department head’s designee, must attempt to agree on an impartial hearing examiner;
if they cannot, they must request a list of seven qualified neutral arbitrators from the
American Arbitration Association or the Federal Mediation and Conciliation Service,
or their successors in function, and they must follow the statutory procedures for
selecting arbitrators, conducting the hearing, and sharing fees. Id. § 143.057(d)-(i). 
The hearing examiner’s decision is final and binding. Id.§ 143.057(c).
          Section 143.057(c) specifies that an employee who appeals to an independent
hearing examiner waives his right to appeal to district court unless he alleges that the
arbitration panel was without jurisdiction, that it exceeded its jurisdiction, or that the
order was procured by fraud, collusion, or other unlawful means. Id. §§ 143.057(c),
(j). The Texas Supreme Court has upheld the constitutional validity of this arbitration
process. Wilson v. Andrews, 10 S.W.3d 663, 669-70 (Tex. 1999); Proctor v. Andrews,
972 S.W.2d 729, 733-34 (Tex. 1998).
          Appeal to Commission
          If the employee elects instead to file a Step III grievance form, rather than to
appeal to an independent hearing examiner under section 143.057, the commission
appoints a grievance examiner to conduct an informal administrative hearing. Id. §
143.130. If the employee or the department is dissatisfied with the outcome of the
Step III hearing, either party may appeal the grievance examiner’s decision to the
commission in Step IV, the final step in this process. Id. § 143.130(e). Unlike
appeals to the commission undertaken pursuant to other sections of the statute, Step
IV of the grievance procedure is a review only of the transcript of the hearing before
the grievance examiner and any other documents submitted by the parties; there is no
hearing before the commission. See id. § 143.130; cf. §§ 143.131(c), 143.1015. The
section setting out the process used in Step IV ends with the sentence, “The
commission decision is final.” Id. § 143.131(c).
          There is no provision in section 143.131 or in any other section of Subchapter
G that either specifically allows or specifically prohibits an appeal of a final Step IV
commission decision to district court. We are persuaded, however, that the word
“final” in section 143.131(c) means that the commission’s decision is “final” for the
purposes of appeal of the commission’s administrative decision; it does not mean
“unappealable.” 
          In both section 143.057 (applicable to smaller municipalities) and section
143.129(d) (applicable to Houston under Subchapter G, and which expressly refers
the employee who chooses an independent hearing examiner to section 143.057) a
firefighter may appeal to an independent hearing examiner instead of to the
commission. Id. §§ 143.057, 143.129(d). If he does, the decision of the hearing
examiner is “final and binding” in both cases, and the firefighter “waives all rights
to appeal to a district court,” except in limited circumstances related primarily to
challenging jurisdiction or alleging fraud. Id. 
          Similarly, like a firefighter whose grievance is governed by Subchapter G, a
firefighter governed by Subchapters A-F may choose to appeal to the commission,
instead of to an independent hearing examiner. Id. § 143.057(a). If he appeals to the
commission, he may file a petition in district court “within 10 days after the date [of]
the final commission decision” asking that the decision be set aside. Id. § 143.015(a). 
Notably, the right of appeal from the final decision of the commission to district court
does not appear in section 143.010, governing the commission appeal procedure for
smaller municipalities, any more than it appears in section 143.131, governing the
commission appeal procedure under Subchapter G. Id. §§ 143.010, 143.131. Section
143.010 is silent as to the procedure to be followed after appeal to the commission. 
Id. § 143.010. It is section 143.015 which specifies that an appeal to district court
may be filed within 10 days of the date of the final commission decision. Id. §
143.015(a). 
          In effect, the default position for employees who appeal to the commission is
the right to appeal the commission’s decision to district court. There was no need for
the legislature to articulate the right to appeal the commission’s final decision in the
four-step grievance procedure because this right had already been expressed in the
opening section of Subchapter G, specifying that the provisions of Subchapters A-F
apply unless otherwise provided. Without such an express prohibition, section
143.015, allowing the appeal of any commission decision to district court, applies. 
See id. § 143.101(b) “Revisor’s Note (2)” (specifying that provisions of Subchapters
A-F apply to subchapter G unless specifically excluded). Viewing the plain language
of the statute as a whole, we conclude that employees subject to Subchapter G who
choose to appeal a grievance to the commission, rather than to an independent hearing
examiner, have a right to appeal the commission’s final decision to district court.
          Interpreting the word “final” in section 143.131(c) as “unappealable” rather
than as “final for purposes of appeal” would lead to an unreasonable and unjust result,
which we should not endorse. See Tex. Gov’t Code Ann. § 311.021 (Vernon 1998);
Linick, 822 S.W.2d at 301. By denying firefighters and police officers in
municipalities with a population of 1.5 million or more the right to appeal
commission decisions to district court, Subchapter G would deprive these public
employees of the right to seek a legal determination of their rights under statutory
principles applicable to their grievances in a court of law. It would also discriminate
merely on the basis of the size of the municipality between firefighters and police
officers in municipalities with populations of less than 1.5 million, who plainly have
a right of appeal of “any” commission decision under section 143.015(a), and those
in municipalities with populations of more than 1.5 million or more, without any
statement in Subchapter G that appeal to district court of a final commission decision
made under section 143.131(c) is specifically excluded. There is no indication in the
plain language or the commentary to Subchapter G that the Legislature intended such
a drastic curtailment of metropolitan firefighters’ and police officers’ legal rights
when it promulgated the four-step grievance procedure in Subchapter G. Rather, both
the plain language of section 143.101(b) and the Revisor’s Note to that section
indicate the contrary. Id. § 143.101 and “Revisor’s Note (2).” We conclude,
therefore, that the word “final” in section 143.131(c) means that the commission’s
decision in Step IV of the administrative grievance process is final for purposes of
appeal to district court.
          We hold that a firefighter who utilizes Step IV of the four-step grievance
procedure set out in Subchapter G of the Local Government Code may appeal the
commission’s decision to district court, and that, consequently, we have jurisdiction
to address the merits of the appeal.
Timeliness
          The City contends that four of the five appealing firefighters did not timely file
their grievances. An employee must file a grievance within 30 days of the date he is
aggrieved. Id. § 143.128(a). The record shows that Watts, Nagler, James, and Fenley
were assigned to the dispatch division on March 18, 2000, but did not file grievances
until May 17, 2000. The City contends this exceeded the time limit of 30 days by 29
days. 
          The grievance hearing examiner made a specific fact finding that the
grievances were timely filed. However, the City contends that, because firefighters
are paid every two weeks, the firefighters should have known after receiving the first
paychecks after their transfer that they were not receiving higher pay. The City has
provided no evidence to show when the firefighters officially began their new duties
or the dates they were paid in March or April 2000. The record shows that the
firefighters were trained for two weeks before undertaking their new duties;
accordingly, the grievance hearing examiner may have concluded that the firefighters
would not have known until mid-April that their pay was going to stay the same. 
          Because the agency itself is the primary fact-finding body, the questions to be
determined by the trial court are strictly those of law. Firemen’s & Policemen’s Civil
Serv. Comm’n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984); City of Houston v.
Richard, 21 S.W.3d 586, 588 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
Accordingly, we decline to disturb the trial court’s adoption of the grievance hearing
examiner’s fact finding that the grievances were timely filed because the
determination was one of fact, not law.
Summary Judgment
          In issues one and two, the firefighters contend that the trial court erred in
denying their motion for summary judgment and granting the City’s, because the
evidence to support the commission’s decision was not “substantial.” The firefighters
summarize their argument on appeal as follows: (1) state law requires the City to
classify all positions; (2) there is no “telecommunicator” position; thus, they cannot
be placed in such a position; (3) because they are performing the job duties of junior
dispatchers, not firefighters, they are entitled by law to the wages of the higher rank.
          Standards of Review
          When both sides move for summary judgment and the trial court grants one
motion but denies the other, we review all of the evidence, determine all questions
presented, and render the judgment the trial court should have rendered. 
Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex.1997);
Richard, 21 S.W.3d at 588.
          The trial court could have ruled in favor of the firefighters only if it determined
that the commission’s decision was not supported by “substantial evidence” or that
there was no reasonable basis for the commission’s decision. Brinkmeyer, 662
S.W.2d at 956. The record here reflects substantial evidence that provided a
reasonable basis for the trial court’s decision.
          Evidence
          First, the firefighters correctly contend that all positions within the department
must be classified. However, their argument that the City agreed that there is not, and
never has been, a “telecommunicator” position is not entirely accurate. The record
shows that the department head testified that the department had created a job
description showing the duties of a newly-created “telecommunicator/firefighter”
classification, but that it was up to the commission to implement and formalize the
position. He did not, however, testify that the commission had refused to do so, as
the firefighters assert. It is also evident that the department has subclassified a
number of firefighter variations (firefighter/EMT, for example) and that such
subclasses are routinely approved. In sum, there is no evidence in the record, aside
from the firefighters’ bare assertion, to show that a “telecommunicator” position does
not exist.
          A firefighter who is required to perform the duties of a particular classification
is entitled to be paid the salary for that position. Id. § 141.033(b). A department head
may designate a person from the next lower classification to temporarily fill a position
in a higher classification. Tex. Loc. Gov’t Code Ann. § 143.111(a). The designated
person is entitled to the base salary of the higher position plus the person’s longevity
pay. Id. The firefighters argue that the City admitted that, had the firefighters been
one class below the rank of junior alarm dispatchers, instead of two classes below, the
City would have been obligated to pay them the higher salary. Again, the record does
not exactly reflect this. Although the department head acknowledged that an
employee one class below a particular position can be paid the higher wages for the
position he fills, this can be true only if the employee is actually performing the same
job; thus, it is immaterial that the firefighters are two classes below the
dispatchers—this is not the factor that precludes them from receiving higher pay. 
          The firefighters contend that they are entitled to the same pay as junior alarm
dispatchers because they perform almost all of the same functions. The key word here
is “almost.” The transfer documents in the record show that each of the firefighters
was assigned to new duties as a “call taker,” not a junior alarm dispatcher. It is the
additional duties of supervision and dispatch performed by the junior alarm
dispatchers that distinguish the two positions and entitle the dispatchers to higher pay. 
          Traditionally, whatever the employment context, supervisors are entitled to
higher pay than the employees they supervise, and the firefighters have offered no
reason why the fire department should be an exception to that general rule. In
addition, the duties of a dispatcher are not merely functionally different; they have a
more significant impact. A call taker must accurately obtain and convey basic facts
and information to the dispatcher. The description of the duties of a junior alarm
dispatcher, in contrast, show that the dispatcher must exercise discretion and judgment
in deciding which fire fighting personnel and equipment should be directed to the
scene. We note that such decisions are critical because personnel and equipment
dispatched to deal with one emergency may not be available for dispatch to another.
          We hold that there was substantial evidence underlying the commission’s
decision and that the trial court did not err in granting the City’s motion for summary
judgment while denying the firefighters’ motion. We overrule issues one and two.
Declaratory Judgment
          In their petition, the firefighters asked the trial court to issue a declaratory
judgment finding that the City violated sections 141.033 and 143.111 of the Local
Government Code by ordering them to perform the duties of a higher classified
position but not paying them the wages of the higher classified position. See id. §§
141.033(b), 143.111(a). In issue three, the firefighters argue that the trial court erred
because it did not render a declaratory judgment.
          The City contends that the firefighters were attempting to obtain a declaratory
judgment as an alternate ground for recovery, which is impermissible by law. We
agree. See Republic Ins. Co. v. Davis, 856 S.W.2d 158, 164 (Tex. 1993) (holding that 
declaratory judgment statute cannot be invoked as affirmative ground of recovery to
revise or alter parties’ rights or legal relationships).
          We hold that the trial court did not err in refusing to enter a declaratory
judgment. We overrule issue three.
          We affirm the trial court’s judgment.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
 
Panel consists of Justices Taft, Keyes, and Higley.