Russell WATTS, Patrick Nagler, Eric James, William Fenley, and George Nicaso, Appellants,

v.

The CITY OF HOUSTON and The Firemen's and Police Officers' Civil Service Commission of Houston, Texas, Appellees.

No. 01–02–00085–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 2003.

E. Troy Blakeney, E. Troy Blakeney, Jack Edward Little, Houston, TX, for Appellants.

Carole Snyder, Assistant City Attorney, Timothy J. Higley, Assistant City Attorney, Houston, TX, for Appellees.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

This is an appeal of a summary judgment rendered against appellants Russell Watts, Patrick Nagler, Eric James, William Fenley, and George Nicaso (the firefighters) affirming the decision of the Firemen's and Police Officers' Civil Service Commission of Houston, Texas (the commission) and the City of Houston (the City) that the firefighters were not entitled to receive additional pay after being transferred into new job positions. In three issues raised on appeal, the firefighters contend that the trial court improperly denied their motion for partial summary judgment and improperly granted the City's motion for summary judgment, because the commission's decision denying the firefighters' appeal was not supported by substantial evidence, and that the trial court erred by not issuing the declaratory judgment requested by the firefighters.

In an issue of first impression, the City contends that neither the district court nor this Court has jurisdiction to consider the merits of this appeal. We hold that we have jurisdiction to consider the appeal. We affirm.

## Factual and Procedural Background

The Fire Department operates as a paramilitary organization with a hierarchical structure composed of classified positions. All employees are initially hired as firefighters and cannot be promoted until they have served at least two years in that classified position. Thereafter, promotions are based upon an employee's grades on civil service examinations, tenure, and performance.

The record shows that the firefighters completed their entrance-level cadet training in February 1999, began serving as probationary firefighters for the City, and achieved regular firefighter status in January 2000. Three months later, because of severe staffing shortages in the dispatch division, the firefighters were transferred to dispatch for one year's service as "telecommunicators." When the new firefighters began working for the dispatch division, they functioned as call takers, a duty previously performed only by junior alarm dispatchers. The junior alarm dispatchers were concurrently assigned new duties.

Junior alarm dispatchers are classified and paid at the rank of captain, two classifications higher than the entry-level firefighter class. The junior alarm dispatchers' revised duties included supervising the new firefighters, filling in as call takers when necessary, and dispatching personnel and equipment in response to incoming calls. The firefighters were paid the same salary they had been receiving when they worked in their respective fire stations. As a result, each filed a grievance contending that he was performing the duties of a junior alarm dispatcher and seeking to be paid a higher salary commensurate with his new assignments—pay equal to the pay received by the junior alarm dispatchers.

The firefighters exhausted the grievance procedure, appealed the grievance examiner's decision to the commission, then appealed the commission's decision to the district court. At each step, their request for higher pay was denied.

## Jurisdiction

The City, relying on language in the Local Government Code specifying that the decision of the commission regarding

grievances is "final," contends that the district court lacked jurisdiction to hear the firefighters' appeal. *See* TEX. LOC. GOV'T CODE ANN. § 143.131(c) (Vernon 1999). Consequently, the City argues that this Court likewise has no jurisdiction. The City further challenges the jurisdiction of this Court to hear this appeal because it contends that the grievances of four of the firefighters were not timely filed.

### Standard of Review

As a threshold matter, we first address the question of whether the firefighters were entitled to appeal the decision of the commission to district court. Matters of statutory construction are questions of law for the court to decide. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). Our objective in construing a statute is to determine and give effect to the intent of the lawmaking body. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). In so doing, we look first to the plain and common meaning of the statute's words. *Id.* We look at the entire act, and not at a single section in isolation from others. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex.1999). In construing a statute, we presume that the statute is constitutional, that the entire statute is intended to be effective, that a just and reasonable result is intended, that the result is feasible of execution, and that the public interest is favored. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998); *Linick v. Employers Mut. Cas. Co.*, 822 S.W.2d 297, 301 (Tex.App.-San Antonio 1991, no pet.). We should not adopt a construction that would render a law or provision absurd or meaningless. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987); *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 860 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

### Statutory Framework for Grievances

Determining whether the firefighters were entitled to appeal the commission's decision to district court requires us to examine several sections of the Local Government Code and harmonize these, not merely to examine in isolation the provision upon which the City relies. Section 143.015 of the Code permits any firefighter who is dissatisfied with any commission decision to file a petition in district court seeking to set aside the decision. TEX. LOC. GOV'T CODE ANN. § 143.015(a) (Vernon 1999). Despite this broad language, the City argues that section 143.015 does not apply to that portion of the statute which is applicable only to municipalities with a population of 1.5 million or more, which provides that the decision of the commission in a grievance proceeding is "final." *Id.* § 143.131(c). What we must determine is whether the word "final" in section 143.131(c) means that, in municipalities with a population of 1.5 million or more, the commission's final decisions are "unappealable."

The Texas Legislature has set out a statutory framework in Chapter 143 of the Local Government Code to handle grievances by municipal firefighters and police officers in a fair, consistent, and orderly fashion. *See id.* §§ 143.101–143.363 (Vernon 1999); *City of Houston v. Williams*, 99 S.W.3d 709, 713 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Subchapters A–F of Chapter 143 set out the rights and procedures that are applicable to all municipalities with a population of 10,000 or more, that have paid fire and police departments, and that establish a local civil service commission. TEX. LOC. GOV'T CODE ANN. §§ 143.001–143.089. Section 143.010 outlines the procedure a firefighter must use to appeal to the commission. *Id.* § 143.010. As noted above, section 143.015—permitting an ap-

peal to district court of "any decision" by the commission—is included in these generally applicable subchapters. *Id.* § 143.015(a). Also included is a section providing specifically for the right to appeal an indefinite suspension, suspension, promotional pass over, or recommended demotion to an independent third-party hearing examiner rather than to the commission. *See id.* § 143.057(a).

Chapter 143 was revised, effective September 1, 1987, to add Subchapter G, sections 143.101 through 143.134 of the Code. *Id.* §§ 143.101–143.134. Subchapter G is applicable only to municipalities with a population of 1.5 million or greater. *Id.* § 143.101(a). Subchapter G opens with the provision, "Except as otherwise provided, the provisions of Subchapters A–F apply to each municipality covered under this subchapter." *Id.* § 143.101(b). The "Revisor's Note (2)" to section 143.101 explains: "The revised law adds subsection (b) of this section to clarify the fact that the provisions of Subchapters A–F of this chapter apply to each municipality covered under this subchapter unless application is specifically excluded." *Id.* § 143.101, "Revisor's Note (2)." Thus, subsection 143.015(a) in Subchapter A—permitting an appeal to district court of any commission decision—applies unless "otherwise provided" in Subchapter G; and Subchapter G does not otherwise provide unless the application of a provision in Subchapters A–F is "specifically excluded." *Id.* § 143.101.

Subchapter G includes provisions that essentially mirror those in Subchapters A–F, including a commission appeal procedure; appeal of a disciplinary suspension; appeal of an indefinite suspension; and the right to appeal an indefinite suspension, suspension, promotional pass over or recommended demotion to an independent hearing examiner instead of to the commission. *Id.* §§ 143.1015, 143.1016, 143.118, 143.120.

### Subchapter G Four–Step Grievance Procedure

What is unique to subchapter G is a four-step grievance resolution procedure that cannot be utilized to complain of an indefinite suspension, suspension, promotional pass over, recommended demotion, or an allegation of discrimination, but that may be used to challenge other department decisions, such as written or oral reprimands, transfers, job performance reviews, or job assignments. *Id.* § 143.127. In Step I, after an employee files a written grievance, the departmental grievance counselor arranges a meeting between the aggrieved employee and his immediate supervisor to discuss the grievance. *Id.* § 143.128. In Step II, if the employee is not satisfied with the outcome, the same procedure is followed and the department head or his representative joins the employee and supervisor for further discussion. *Id.* § 143.129. If the employee is still dissatisfied, he may elect either to appeal to an independent third-party hearing examiner under section 143.057 or to file a Step III grievance form with the director in accordance with section 143.130. *Id.* § 143.129(d). At this point, the rights and remedies afforded by the four-step grievance procedure diverge, according to the employee's election.

### Appeal to Third–Party Hearing Examiner

Following Step II of the four-step grievance procedure, the employee may elect to proceed under section 143.057, which sets out a statutory arbitration process. *See id.* §§ 143.057, 143.129(d). Upon being informed of the Step II decision, the appealing firefighter or police officer may elect to submit a written request to the director stating his decision to appeal to a hearing examiner. *Id.* § 143.057(a), (j). The letter informing the employee of this option must

notify him that the decision of the hearing examiner is not appealable except in cases of fraud or bias. *Id.* § 143.057(b). If the employee chooses this option, he and the department head, or the department head's designee, must attempt to agree on an impartial hearing examiner; if they cannot, they must request a list of seven qualified neutral arbitrators from the American Arbitration Association or the Federal Mediation and Conciliation Service, or their successors in function, and they must follow the statutory procedures for selecting arbitrators, conducting the hearing, and sharing fees. *Id.* § 143.057(d)-(i). The hearing examiner's decision is final and binding. *Id.* § 143.057(c).

Section 143.057(c) specifies that an employee who appeals to an independent hearing examiner waives his right to appeal to district court unless he alleges that the arbitration panel was without jurisdiction, that it exceeded its jurisdiction, or that the order was procured by fraud, collusion, or other unlawful means. *Id.* §§ 143.057(c), (j). The Texas Supreme Court has upheld the constitutional validity of this arbitration process. *Wilson v. Andrews,* 10 S.W.3d 663, 669–70 (Tex. 1999); *Proctor v. Andrews,* 972 S.W.2d 729, 733–34 (Tex.1998).

*Appeal to Commission*

If the employee elects instead to file a Step III grievance form, rather than to appeal to an independent hearing examiner under section 143.057, the commission appoints a grievance examiner to conduct an informal administrative hearing. *Id.* § 143.130. If the employee or the department is dissatisfied with the outcome of the Step III hearing, either party may appeal the grievance examiner's decision to the commission in Step IV, the final step in this process. *Id.* § 143.130(e). Unlike appeals to the commission under

taken pursuant to other sections of the statute, Step IV of the grievance procedure is a review only of the transcript of the hearing before the grievance examiner and any other documents submitted by the parties; there is no hearing before the commission. *See id.* § 143.130; *cf.* §§ 143.131(c), 143.1015. The section setting out the process used in Step IV ends with the sentence, "The commission decision is final." *Id.* § 143.131(c).

There is no provision in section 143.131 or in any other section of Subchapter G that either specifically allows or specifically prohibits an appeal of a final Step IV commission decision to district court. We are persuaded, however, that the word "final" in section 143.131(c) means that the commission's decision is "final" for the purposes of appeal of the commission's administrative decision; it does not mean "unappealable."

In both section 143.057 (applicable to smaller municipalities) and section 143.129(d) (applicable to Houston under Subchapter G, and which expressly refers the employee who chooses an independent hearing examiner to section 143.057) a firefighter may appeal to an independent hearing examiner instead of to the commission. *Id.* §§ 143.057, 143.129(d). If he does, the decision of the hearing examiner is "final and binding" in both cases, and the firefighter "waives all rights to appeal to a district court," except in limited circumstances related primarily to challenging jurisdiction or alleging fraud. *Id.*

Similarly, like a firefighter whose grievance is governed by Subchapter G, a firefighter governed by Subchapters A–F may choose to appeal to the commission, instead of to an independent hearing examiner. *Id.* § 143.057(a). If he appeals to the commission, he may file a petition in district court "within 10 days after the date [of] the final commission decision" asking that the decision be set aside. *Id.*

§ 143.015(a). Notably, the right of appeal from the final decision of the commission to district court does *not* appear in section 143.010, governing the commission appeal procedure for smaller municipalities, any more than it appears in section 143.131, governing the commission appeal procedure under Subchapter G. *Id.* §§ 143.010, 143.131. Section 143.010 is silent as to the procedure to be followed after appeal to the commission. *Id.* § 143.010. It is section 143.015 which specifies that an appeal to district court may be filed within 10 days of the date of the final commission decision. *Id.* § 143.015(a).

■ In effect, the default position for employees who appeal to the commission is the right to appeal the commission's decision to district court. There was no need for the legislature to articulate the right to appeal the commission's final decision in the four-step grievance procedure because this right had already been expressed in the opening section of Subchapter G, specifying that the provisions of Subchapters A–F apply unless otherwise provided. Without such an express prohibition, section 143.015, allowing the appeal of any commission decision to district court, applies. *See id.* § 143.101(b) "Revisor's Note (2)" (specifying that provisions of Subchapters A–F apply to subchapter G unless specifically excluded). Viewing the plain language of the statute as a whole, we conclude that employees subject to Subchapter G who choose to appeal a grievance to the commission, rather than to an independent hearing examiner, have a right to appeal the commission's final decision to district court.

■ Interpreting the word ·"final" in section 143.131(c) as "unappealable" rather than as "final for purposes of appeal" would lead to an unreasonable and unjust result, which we should not endorse. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998); *Linick,* 822 S.W.2d at 301. By

denying firefighters and police officers in municipalities with a population of 1.5 million or more the right to appeal commission decisions to district court, Subchapter G would deprive these public employees of the right to seek a legal determination of their rights under statutory principles applicable to their grievances in a court of law. It would also discriminate merely on the basis of the size of the municipality between firefighters and police officers in municipalities with populations of less than 1.5 million, who plainly have a right of appeal of "any" commission decision under section 143.015(a), and those in municipalities with populations of more than 1.5 million or more, without any statement in Subchapter G that appeal to district court of a final commission decision made under section 143.131(c) is specifically excluded. There is no indication in the plain language or the commentary to Subchapter G that the Legislature intended such a drastic curtailment of metropolitan firefighters' and police officers' legal rights when it promulgated the four-step grievance procedure in Subchapter G. Rather, both the plain language of section 143.101(b) and the Revisor's Note to that section indicate the contrary. *Id.* § 143.101 and "Revisor's Note (2)." We conclude, therefore, that the word "final" in section 143.131(c) means that the commission's decision in Step IV of the administrative grievance process is final for purposes of appeal to district court.

■ We hold that a firefighter who utilizes Step IV of the four-step grievance procedure set out in Subchapter G of the Local Government Code may appeal the commission's decision to district court, and that, consequently, we have jurisdiction to address the merits of the appeal.

### Timeliness

■ The City contends that four of the five appealing firefighters did not timely

file their grievances. An employee must file a grievance within 30 days of the date he is aggrieved. *Id.* § 143.128(a). The record shows that Watts, Nagler, James, and Fenley were assigned to the dispatch division on March 18, 2000, but did not file grievances until May 17, 2000. The City contends this exceeded the time limit of 30 days by 29 days.

The grievance hearing examiner made a specific fact finding that the grievances were timely filed. However, the City contends that, because firefighters are paid every two weeks, the firefighters should have known after receiving the first paychecks after their transfer that they were not receiving higher pay. The City has provided no evidence to show when the firefighters officially began their new duties or the dates they were paid in March or April 2000. The record shows that the firefighters were trained for two weeks before undertaking their new duties; accordingly, the grievance hearing examiner may have concluded that the firefighters would not have known until mid-April that their pay was going to stay the same.

▉ Because the agency itself is the primary fact-finding body, the questions to be determined by the trial court are strictly those of law. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984); *City of Houston v. Richard*, 21 S.W.3d 586, 588 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Accordingly, we decline to disturb the trial court's adoption of the grievance hearing examiner's fact finding that the grievances were timely filed because the determination was one of fact, not law.

## Summary Judgment

In issues one and two, the firefighters contend that the trial court erred in denying their motion for summary judgment and granting the City's, because the evidence to support the commission's decision was not "substantial." The firefighters summarize their argument on appeal as follows: (1) state law requires the City to classify all positions; (2) there is no "telecommunicator" position; thus, they cannot be placed in such a position; (3) because they are performing the job duties of junior dispatchers, not firefighters, they are entitled by law to the wages of the higher rank.

### Standards of Review

▉ When both sides move for summary judgment and the trial court grants one motion but denies the other, we review all of the evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Richard*, 21 S.W.3d at 588.

The trial court could have ruled in favor of the firefighters only if it determined that the commission's decision was not supported by "substantial evidence" or that there was no reasonable basis for the commission's decision. *Brinkmeyer*, 662 S.W.2d at 956. The record here reflects substantial evidence that provided a reasonable basis for the trial court's decision.

### Evidence

First, the firefighters correctly contend that all positions within the department must be classified. However, their argument that the City agreed that there is not, and never has been, a "telecommunicator" position is not entirely accurate. The record shows that the department head testified that the department had created a job description showing the duties of a newly-created "telecommunicator/firefighter" classification, but that it was up to the commission to implement

and formalize the position. He did not, however, testify that the commission had refused to do so, as the firefighters assert. It is also evident that the department has subclassified a number of firefighter variations (firefighter/EMT, for example) and that such subclasses are routinely approved. In sum, there is no evidence in the record, aside from the firefighters' bare assertion, to show that a "telecommunicator" position does not exist.

A firefighter who is required to perform the duties of a particular classification is entitled to be paid the salary for that position. *Id.* § 141.033(b). A department head may designate a person from the next lower classification to temporarily fill a position in a higher classification. TEX. LOC. GOV'T CODE ANN. § 143.111(a). The designated person is entitled to the base salary of the higher position plus the person's longevity pay. *Id.* The firefighters argue that the City admitted that, had the firefighters been one class below the rank of junior alarm dispatchers, instead of two classes below, the City would have been obligated to pay them the higher salary. Again, the record does not exactly reflect this. Although the department head acknowledged that an employee one class below a particular position can be paid the higher wages for the position he fills, this can be true only if the employee is actually performing the same job; thus, it is immaterial that the firefighters are two classes below the dispatchers—this is not the factor that precludes them from receiving higher pay.

The firefighters contend that they are entitled to the same pay as junior alarm dispatchers because they perform almost all of the same functions. The key word here is "almost." The transfer documents in the record show that each of the firefighters was assigned to new duties as a "call taker," not a junior alarm dispatcher. It is the additional duties of supervision and dispatch performed by the junior alarm dispatchers that distinguish the two positions and entitle the dispatchers to higher pay.

Traditionally, whatever the employment context, supervisors are entitled to higher pay than the employees they supervise, and the firefighters have offered no reason why the fire department should be an exception to that general rule. In addition, the duties of a dispatcher are not merely functionally different; they have a more significant impact. A call taker must accurately obtain and convey basic facts and information to the dispatcher. The description of the duties of a junior alarm dispatcher, in contrast, show that the dispatcher must exercise discretion and judgment in deciding which fire fighting personnel and equipment should be directed to the scene. We note that such decisions are critical because personnel and equipment dispatched to deal with one emergency may not be available for dispatch to another.

We hold that there was substantial evidence underlying the commission's decision and that the trial court did not err in granting the City's motion for summary judgment while denying the firefighters' motion. We overrule issues one and two.

### Declaratory Judgment

 In their petition, the firefighters asked the trial court to issue a declaratory judgment finding that the City violated sections 141.033 and 143.111 of the Local Government Code by ordering them to perform the duties of a higher classified position but not paying them the wages of the higher classified position. *See id.* §§ 141.033(b), 143.111(a). In issue three, the firefighters argue that the trial court erred because it did not render a declaratory judgment.

The City contends that the firefighters were attempting to obtain a declaratory

judgment as an alternate ground for recovery, which is impermissible by law. We agree. *See Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 164 (Tex.1993) (holding that declaratory judgment statute cannot be invoked as affirmative ground of recovery to revise or alter parties' rights or legal relationships).

We hold that the trial court did not err in refusing to enter a declaratory judgment. We overrule issue three.

We affirm the trial court's judgment.