# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-05-00189-CV
---

Texas Department of Insurance, Division of Workers' Compensation, Appellant

v.

Insurance Council of Texas, Texas Mutual Insurance Company, Texas Property and Casualty Insurance Guaranty Association, and Envoy Medical Systems, Inc., Appellees

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GN403210, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

In response to concerns regarding the expense of review procedures utilized in workers' compensation claims concerning the necessity of medical treatment, the Texas Department of Insurance, Division of Workers' Compensation[1] promulgated a rule creating a less expensive alternative review procedure. *See* 28 Tex. Admin. Code § 133.309 (2007) (the "Rule"). In 2004, the Insurance Council of Texas ("Council") filed a declaratory judgment action challenging the validity of the Rule. *See* Tex. Gov't Code Ann. § 2001.038 (West 2000). Texas Mutual Insurance Company ("Texas Mutual"), Texas Property and Casualty Insurance Guaranty Association

---

[1] The rule was promulgated by the Texas Workers' Compensation Commission. In 2005, the legislature abolished the Texas Workers' Compensation Commission and transferred the Commission's responsibilities to the Texas Department of Insurance, Division of Workers' Compensation. Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 8.001(b), 8.004(a), 2005 Tex. Gen. Laws 469, 607-08. In this opinion, the term "Division" will be used to refer to the Division of Workers' Compensation and to the former Commission.

("Texas Property"), and Envoy Medical Systems, L.P., ("Envoy") all intervened and supported the Council's contention that the Rule was invalid.[2] The Division and the Joint Appellees filed cross motions for summary judgment, and the district court granted the Joint Appellees' motion and denied the Division's motion. We will affirm the judgment of the district court.

## BACKGROUND

Various statutes have been enacted over the years to govern disputes between workers compensation insurance carriers and health care providers or injured employees regarding whether health care services that were provided were medically necessary. *See, e.g.*, Tex. Lab. Code Ann. §§ 413.031-.0311 (West Supp. 2007); *see also id.* § 401.011(19), (20), (21), (22) (West Supp. 2007) (providing definitions for "health care," "health care facility," "health care practitioner," and "health care provider" and explaining that term "health care provider" includes health care facilities and practitioners); 28 Tex. Admin. Code § 133.1 (2007) (defining "health care provider"). These statutes govern disputes in which health care providers or injured employees are seeking reimbursement from a carrier for treatments that have already been performed.

In 2001, the legislature made significant changes to the statutes governing the resolution of these disputes. *See* Act of May 18, 2001, 77th Leg., R.S., ch. 1456, § 6.04, sec. 413.031, 2001 Tex. Gen. Laws 5167, 5186 ("2001 Act") (current version at Tex. Lab. Code Ann. § 413.031 (West Supp. 2007)). Through the amendments, the legislature specified a multi-step process for reviewing these disputes. First, with certain exceptions not relevant to this appeal,

---

[2] We will refer to the Council, Texas Mutual, Texas Property, and Envoy jointly as the "Joint Appellees."

disputes were to be initially reviewed by an independent review organization. *Id.* § 413.031(d), (e); *see* Tex. Ins. Code Ann. §§ 4202.001-.010 (West Supp. 2007) (providing standards and guidelines for review organization and allowing for promulgation of rules relating to review organizations); 28 Tex. Admin. Code § 133.308 (2007) (detailing requirements for medical dispute resolution by independent review organizations). To obtain review, the parties were required to pay a fee, and the amount of the fee depended on the type of review performed. *See* 28 Tex. Admin. Code § 12.403 (2007) (explaining that amount of fee charged depends on whether dispute involves "tier one" or "tier two" claim; fee for tier one claim is $650, and fee for tier two claim is $460). Second, if the dispute was not resolved after a review by an independent organization, any of the parties to the dispute could request that a hearing be held by the State Office of Administrative Hearings ("SOAH"). 2001 Act § 413.031(k). Finally, after SOAH issued a final decision, a party who was "aggrieved by" the decision could seek judicial review of that decision. *Id.*

In response to complaints made by various groups regarding, among other things, the expense of utilizing independent review organizations for relatively inexpensive claims, the legislature amended section 413.031 of the labor code in 2003 by adding subsection (m), which allowed the Division to promulgate rules creating an alternative dispute resolution procedure. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1323, § 1, sec. 413.031, 2003 Tex. Gen. Laws 4882, 4882 ("2003 Act").

After subsection (m) was added, the Commission promulgated the Rule, which provided alternative dispute resolution procedures for resolving medical necessity disputes. *See* 28 Tex. Admin. Code § 133.309. Under the Rule, a health care provider or employee contesting a

3

carrier's determination that a treatment is not medically necessary may dispute that determination by filing, among other things, a request for alternative dispute resolution, the relevant medical bills, and supporting documentation illustrating the necessity of the treatment. *Id.* § 133.309(f)-(g); *see also id.* § 133.309(j) (specifying that fee for obtaining this type of alternative dispute resolution is $100). After receiving the request, the Division refers the dispute to a case review doctor, *id.* § 133.309(h), and instructs the carrier to give the case review doctor a written response to the various documents filed by either the employee or the health care provider, *id.* § 133.309(i). After obtaining all the relevant information, the case review doctor examines the documents and produces a report regarding the necessity of the disputed treatment. *Id.* § 133.309(*l*), (m). Although the Division may, if it chooses, seek clarification of the doctor's report, the parties may not. *Id.* § 133.309(m)(3). The case review doctor's report is deemed to be a final decision by the Division that is not subject to any further review, judicial or otherwise. *Id.* § 133.309(n).

In 2004, the Joint Appellees filed a declaratory judgment action challenging the validity of the Rule. *See* Tex. Gov't Code Ann. § 2001.038. The Division and the Joint Appellees filed cross motions for summary judgment. In their motion, the Joint Appellees contended that the Rule was invalid because it (1) made the case review doctor's determination the final decision of the Division and, thereby, denied plaintiffs the right to a hearing before SOAH[3] and to judicial review

---

[3] It is worth noting that the Division and the Council, Texas Mutual, and Texas Property all agree that the issue of whether the Rule was invalid because it did not provide a review before the SOAH is moot. The district court declared that the Rule was invalid before any reviews under the alternative dispute resolution procedure had been employed and permanently enjoined the Division from utilizing the Rule. Further, as discussed later, in 2005 the legislature removed the language affording parties to a medical necessity dispute the right to hearing before SOAH. In other words, regardless of whether the preliminary review was to be conducted by an independent review organization or by a case review doctor, no party to a medial dispute had the right to request that a hearing be held before SOAH.

of final decisions issued by SOAH; (2) provided that an injured employee is never liable for the case review fee[4]; (3) was issued without fully satisfying the reasoned justification requirement found in the government code; and (4) constituted an illegal delegation of authority to a private individual, violated the separation of powers provision of the Texas Constitution, and denied claimants due process. The district court denied the Division's motion and granted the Joint Appellees' motion. Although the district court did not specify on what grounds it was granting the motion, it declared "Rule 133.309 invalid and of no force or effect." The Division appeals from the judgment of the district court.

## STANDARD OF REVIEW

When the parties file cross motions for summary judgment and when the trial court grants one motion and denies the other, an appellate court should review the summary judgment evidence from both sides and determine all the questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). After reviewing the evidence, the appellate court "should render the judgment that the trial court should have rendered." *Id.* If the trial court's

---

Given our resolution of this case, we need not address these assertions. However, we do note that although in 2005 the legislature removed the language allowing for review by SOAH, the legislature reinserted that language in a 2007 amendment to section 413.031. *See* Tex. Lab. Code Ann. § 413.031(k) (West Supp. 2007).

[4] It is also worth noting that the Division concedes this particular flaw in the Rule. Subsections 133.309(i)(1)(C) and (j)(1) of the Rule state that an injured employee is never liable for the alternative review fee, which meant that the carrier is always required to pay the fee regardless of whether the employee is the prevailing party. *See* 28 Tex. Admin. Code § 133.309(i)(1)(C), (j)(1) (2007). The Joint Appellees argue that this portion of the Rule violated subsection (m) of the 2003 Act, which provided that the review costs "shall be paid by the nonprevailing party." 2003 Act § 413.031(m). The Division does not contest that argument but instead asks us to sever out these admittedly improper portions of the Rule and conclude that the Rule is otherwise valid. However, given our ultimate conclusion that the Rule is invalid for other reasons, we need not determine whether these subsections can or should be excised from the Rule.

order does not specify the grounds upon which it granted summary judgment, the appellate court "must affirm summary judgment if any of the summary judgment grounds are meritorious." *Id.*

On appeal, the Division contends that the district court erred by declaring the Rule invalid. As an agency, the Division is a creation of the legislature and, therefore, "has no inherent authority." *See Public Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 316 (Tex. 2001). For this reason, the Division possesses only those powers "expressly conferred upon it." *See id.* However, when conferring a power upon an agency, the legislature also "impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties," *see id.*, and the legislature is not required to include every specific detail or anticipate all unforeseen circumstances when enacting an agency's authorizing statute, *State v. Public Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied).

An agency's construction of a statute that it is charged with enforcing is entitled "to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute." *Employees Ret. Sys. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.). In other words, when determining whether an agency's rule is valid, we must ascertain whether the rule is contrary to the relevant governing statutes, *Public Util. Comm'n*, 131 S.W.3d at 321, or whether the rule is in harmony with the general objectives of the statutes involved, *see Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.). If a promulgated rule has no supporting statutory authority, the rule is void. *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 104 S.W.3d 225, 232 (Tex. App.—Austin 2003, no pet.).

6

To properly ascertain whether a rule is valid, we must ascertain the legislature's intent in enacting the relevant governing statutes. *See Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 652 (Tex. 2004). Although the legislature has specified other tools to guide us when determining their intent, *see* Tex. Gov't Code Ann. § 311.023 (West 2005), the determination begins with the plain language of the statutes involved, *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002). *See Fireman's Fund County Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768-69 (Tex. 2000) (providing that to determine legislative intent, courts should look to plain meaning of words used in relevant statutory provisions). In performing our analysis, we review the entire statute, not isolated portions, *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000), and we must presume that every word was deliberately chosen and that excluded words were left out purposely, *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied). We should not adopt a construction of a statute that will render the statute meaningless or lead to absurd results. *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004); *Watts v. City of Houston*, 126 S.W.3d 97, 100 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## DISCUSSION

The Division argues that the district court erred when it concluded that the Rule was invalid. For the reasons that follow, we disagree with the Division.

As discussed previously, prior to the promulgation of the Rule, the labor code provided, with certain exceptions, that if there was a dispute regarding the medical necessity of a health care service, a preliminary hearing was to be conducted by an independent review

organization. 2001 Act § 413.031(d), (e). If the dispute was not resolved through a review by an independent organization, any of the parties could request that a contested case be conducted before SOAH. 2001 Act § 413.031(k). After SOAH issued its final decision, any of the parties could seek judicial review of the decision. *Id.*

When the legislature decided to allow the Division to create an alternative review procedure, it amended section 413.031 of the labor code by adding subsection (m), which provided, in relevant part, as follows:

> The commission by rule may prescribe an alternate dispute resolution process to resolve disputes regarding medical services costing less than the cost of a review of the medical necessity of a health care service by an independent review organization.

2003 Act § 413.031(m). The legislature also amended subsection (e) to exempt the parties to an alternative dispute resolution from the requirement that a medical dispute be reviewed by an independent review organization. *Id.* § 413.031(e). However, the legislature did not amend subsection (k), which provided, in relevant part, as follows:

> Except as provided by subsection (*l*),[5] a party to a medical dispute that remains unresolved after a *review* of the medical service *under this section* is entitled to a hearing. The hearing shall be conducted by the State Office of Administrative Hearings within 90 days . . . . A party who has exhausted the party's administrative remedies under this subtitle and who is aggrieved by a final decision of the State Office of Administrative Hearings may seek judicial review of the decision.

2001 Act § 413.031(k) (emphases added).

---

[5] Subsection (*l*) has not been amended and states that disputes concerning spinal cord surgeries are governed by chapter 410, not chapter 413. *See* Tex. Lab. Code Ann. § 413.031(*l*) (West Supp. 2007); 2001 Act § 413.031(*l*).

Other than the exemption for disputes governed by subsection (*l*), which relates to disputes concerning spinal surgeries, the plain language of subsection (k) stated that parties to any type of medical necessity "review" authorized under any portion of section 413.031had a right to a hearing before SOAH and to judicial review of a final decision by SOAH. *Id.* We see no reason to construe the term "review" as found in subsection (k) as excluding an alternative dispute resolution procedure. *See Webster's New Collegiate Dictionary* 992 (1973) (defining "review" as "to view or see again . . . to examine or study again"); *see also Black's Law Dictionary* 916 (abridged 6th ed. 1991) (defining review as "[t]o re-examine judicially or administratively"). Accordingly, the statutory provision in effect during the time relevant to this appeal allowed for judicial review of claims reviewed by an independent review organization under subsections (d) and (e) and the alternative review procedure authorized by subsection (m).

Moreover, had the legislature intended to insulate claims reviewed under an alternative review procedure from judicial review, it would have specifically excluded those types of claims in the same way it excluded spinal surgery disputes from further review under subsection (k). We must conclude that the legislature's decision not to exclude alternative dispute resolutions from the review authorized by subsection (k) was purposeful. *See USA Waste Servs.*, 150 S.W.3d at 494.

Furthermore, this construction is supported by subsequent amendments that the legislature made to section 413.031. After the Division promulgated the Rule, the legislature made two amendments to subsection (k), but neither amendment excluded dispute resolutions occurring under the authority of subsection (m) from review under subsection (k). *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 469, 554 (removing right to hearing before

9

SOAH but retaining right to judicial review of any medical dispute that was unresolved after "a *review* of the medical service *under*" section 413.031) (emphases added); Act of May 23, 2007, 80th Leg., R.S., ch. 1007, § 1, 2007 Tex. Gen. Laws 3525, 3525 (reinserting availability of hearing before SOAH and creating subsections (k)(1) and (2)). In fact, the second amendment specifically excepted from review under subsection (k) those claims governed by newly enacted section 413.0311 of the labor code but made no exception for claims reviewed under subsection (m) of section 413.031. Acts of May 23, 2007, 80th Leg., R.S., ch. 1007, § 1, 2007 Tex. Gen. Laws 3525, 3525; *see* Tex. Lab. Code Ann. §§ 413.031(k), 413.0311 (West Supp. 2007).

For the reasons previously given, we conclude that the Rule is invalid because it is not in harmony with the relevant governing statutes, which allow for judicial review of medical necessity disputes.

## CONCLUSION

Having concluded that one of the bases articulated in the Joint Appellees' motion for summary judgment is meritorious, we need not address the other bases asserted in the motion. Accordingly, we affirm the judgment of the district court.

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear
      Justice B. A. Smith Not Participating

Affirmed

Filed:   March 21, 2008

10