**Opinion issued August 31, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

### NO. 01-22-00848-CV

———————————

**CITY OF HOUSTON AND FIREFIGHTERS' AND POLICE OFFICERS' CIVIL SERVICE COMMISSION OF THE CITY OF HOUSTON, Appellants**

**V.**

**SHAUN SPANN, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-44036**

---

### MEMORANDUM OPINION

Fire fighter Shaun Spann received a disciplinary action and appealed that decision to the Firefighters' and Police Officers' Civil Service Commission of the City of Houston ("the Commission"). Following a hearing, the Commission upheld

the disciplinary action. Spann appealed the Commission's decision to the district court and sought declaratory relief against both the Commission and the City of Houston (collectively, "Appellants"). Spann and Appellants filed cross motions for summary judgment. Spann argued that the Commission did not provide him with fifteen days' notice of the appeal hearing as required by statute. The trial court granted Spann's motion and denied Appellants' motion.

In two issues, Appellants argue that (1) the trial court erred in granting summary judgment for Spann and in denying Appellants' summary judgment motion because Spann received fifteen days' notice of the appeal hearing, as required by statute and due process; and (2) Appellants should be awarded attorney's fees and costs as the prevailing parties.

We affirm.

## Background

Shaun Spann is a fire fighter for the Houston Fire Department ("HFD"). Following an incident that occurred in January 2021, HFD officials conducted a disciplinary investigation. On May 4, 2021, HFD Fire Chief Samuel Peña issued a written notice suspending Spann for three days without pay for violating a direct order from a superior officer.

On May 13, 2021, Spann timely appealed the disciplinary decision to the Commission. Spann's hearing before the Commission was originally scheduled for

June 22, 2021. A quorum of the Commission was not present, however, so the hearing could not commence on that date. Spann was then told to appear for a hearing on June 29, but his representative could not attend on that date, so he requested a new hearing date. In a notice dated June 28, the Commission notified Spann that his hearing would be held on July 12.

Spann filed a written request for continuance. He argued that Local Government Code section 143.1015 required that he receive fifteen days' notice of the date of his appeal hearing. *See* TEX. LOC. GOV'T CODE § 143.1015(b). Applying the computation of time rules found in the Rules of Civil Procedure and the Code Construction Act in the Government Code, Spann only received fourteen days' notice of the hearing. Consequently, Spann argued that the Commission's notice did not comply with section 143.1015(b). He requested that the Commission "issue a new hearing date that complies with the legislative mandated notice requirements in [Local Government Code] Chapter 143."

At the hearing on July 12, 2021, the Commission considered Spann's request for a continuance. Spann argued that under the provisions for computation of time in the Rules of Civil Procedure and the Code Construction Act, the day of the act after which the time period begins to run is not included, but the last day of the time period is included. *See* TEX. R. CIV. P. 4; TEX. GOV'T CODE § 311.014(a). Under these rules, June 28—the day the Commission sent the notice of the hearing—did

3

not count in the computation of time, and July 12—the date of the hearing—did. This, however, only provided Spann with fourteen days' notice of the hearing. Because he did not receive the statutorily required fifteen days' notice of the hearing, Spann requested "a new hearing date with a 15-day notice."

In response, the City of Houston argued that the computation of time rules found in the Rules of Civil Procedure and the Government Code should not apply. Instead, both June 28 and July 12 should be included in the time period, which would mean that the notice sent on June 28 provided fifteen days' notice of the hearing on July 12. The City of Houston also argued that granting Spann's request for a continuance would cause the Commission to lose jurisdiction because the Commission only has jurisdiction for sixty days after an aggrieved firefighter files an appeal of a disciplinary decision and that time period would expire on July 13. *See* TEX. LOC. GOV'T CODE § 143.1015(a). The Commission denied Spann's request for a continuance.

Following the hearing, the Commission issued a written final order. The Commission denied Spann's appeal and upheld the temporary three-day suspension.

Spann appealed the Commission's decision to the district court and named both the Commission and the City of Houston as defendants. In his petition, Spann alleged that the Commission did not provide him with fifteen days' notice of the hearing as required by Local Government Code section 143.1015(b) and the Code

Construction Act's computation of time rules. Instead, he received, at most, fourteen days' notice of the hearing. Spann requested that the trial court render declaratory judgment that (1) the Commission failed to provide the statutorily required notice before his disciplinary appeal hearing; (2) the Commission's July 12 final disciplinary order "is reversed and nullified"; and (3) the Commission must provide Spann with "15 days notice of his appeal hearing." Spann also requested that the court award him attorney's fees.

Appellants moved for summary judgment. Appellants argued that the computation of time rules found in the Rules of Civil Procedure and the Code Construction Act should not be applied to the Commission. Instead, Appellants argued that the Commission was governed by its "Rules for the Administration of the Civil Service System in the Fire and Police Departments." These rules, which Appellants attached as evidence, provided that the Commission "shall not be bound by any rules of order, evidence, or procedures in its meetings, hearings, or investigations, except such rules as it may itself establish . . . ." Appellants argued that the Commission "interpreted the notice provision for section 143.1015(b) of the statute to count each day from June 28th through July 12th as 15 days before the hearing." Appellants also argued that if the Commission had granted a continuance, it would have lost jurisdiction over the matter and Spann's appeal would have been automatically sustained.

Spann also moved for summary judgment. Spann argued that the Commission's notice of the July 12 hearing was dated June 28 and mailed to him on June 29. Using the computation of time rules found in the Rules of Civil Procedure and the Code Construction Act, he received no more than fourteen days' notice of the hearing, in violation of Local Government Code section 143.1015(b). Spann argued that the Commission's denial of his motion for continuance invalidated the Commission's order resolving the merits of his disciplinary appeal because the Commission did not have authority to proceed. Among other evidence, Spann attached Appellants' discovery responses to prove the date on which the Commission mailed the notice to Spann.

The trial court signed an order granting Spann's summary judgment motion on October 13, 2022. In this order, the court declared that:

(a) Defendant City of Houston's Civil Service Commission violated TEX. LOC. GOV'T CODE § 143.1015 by failing to provide the statutorily mandated 15 days notice before [Spann's] disciplinary appeal hearing.

(b) Defendant City of Houston Civil Service Commission's July 12, 2021 Final Order is reversed.

The order did not address Spann's request for attorney's fees. The court did not sign an order expressly denying Appellants' summary judgment motion at this time.

Spann then filed a motion for final summary judgment. The sole question presented in this motion was whether Spann was the prevailing party entitled to

6

recover his reasonable and necessary attorney's fees and court costs. Spann supported this motion with the affidavit of his counsel.

Appellants filed a notice of interlocutory appeal on November 14, 2022, before the trial court ruled on Spann's motion for final summary judgment. On December 15, 2022, the trial court signed an order granting Spann's motion for final summary judgment. This order incorporated the trial court's October 2022 summary judgment rulings and awarded Spann approximately $12,000 in trial-level attorney's fees and approximately $42,000 in conditional appellate attorney's fees. This order denied Appellants' summary judgment motion and stated that it was final and appealable.[1]

---

[1]  After Appellants appealed, Spann filed a motion in this Court to dismiss the appeal. Spann argued that this Court lacked appellate jurisdiction because the October 2022 summary judgment order was not a final judgment and no statutory provision authorized an interlocutory appeal from this order because Appellants' summary judgment motion could not be analogized to a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (allowing party to appeal from interlocutory order granting or denying plea to jurisdiction filed by governmental unit). We may treat a case that is appealed before the judgment is final as a prematurely filed appeal and permit the defect to be cured. *See Fusion Indus., LLC v. Edgardo Madrid & Assocs., LLC*, 624 S.W.3d 843, 849 (Tex. App.—El Paso 2021, no pet.); TEX. R. APP. P. 27.1(a), 27.2. If the trial court signs a final judgment before we dismiss a prematurely filed notice of appeal, the jurisdictional defect is cured and we have appellate jurisdiction over the case. *Fusion Indus.*, 624 S.W.3d at 849. The notice of appeal is deemed filed on the day of the trial court's final judgment. *Id.* Here, Appellants filed a premature notice of appeal from an unappealable interlocutory order. However, the trial court signed a final judgment disposing of all claims and all parties on December 15, 2022. The signing of this order cured the jurisdictional defect, and Appellants' prematurely filed notice of appeal is deemed filed on the date of the final judgment. *See* TEX. R. APP. P. 27.1(a); *Fusion Indus.*, 624 S.W.3d

7

## Summary Judgment

In their first issue, Appellants contend that the trial court erred in granting Spann's motion for summary judgment and denying their motion for summary judgment because Spann received fifteen days' notice of the appeal hearing before the Commission.

### A.   *Standard of Review*

A fire fighter may appeal an adverse disciplinary decision by the Commission to the district court. *See* TEX. LOC. GOV'T CODE § 143.015(a). An appeal to the district court under section 143.015 "is by trial de novo." *Id.* § 143.015(b). Courts have interpreted "trial de novo" in this context to "mean a review under the substantial evidence rule." *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 955 (Tex. 1984). This type of "trial de novo" is "a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence." *Id.* at 956 (quotations omitted); *Dunbar v. City of Houston*, 557 S.W.3d 745, 749 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

"[T]he agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law." *Brinkmeyer*, 662 S.W.2d at 956;

at 849. We conclude that we have appellate jurisdiction over this case, and we therefore deny Spann's motion to dismiss.

*Watts v. City of Houston*, 126 S.W.3d 97, 104 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The trial court may not substitute its judgment for that of the agency on controverted issues of fact. *Brinkmeyer*, 662 S.W.2d at 956. The reviewing trial court "is concerned only with the reasonableness of the administrative order, not its correctness." *Id.*

Under a substantial evidence review, a question of statutory interpretation is a question of law "and is not entitled to a presumption of validity." *Tex. Dep't of Pub. Safety v. Hutcheson*, 235 S.W.3d 312, 314 (Tex. App.—Corpus Christi–Edinburg 2007, pet. denied); *Hightower v. State Comm'r of Educ.*, 778 S.W.2d 595, 597 (Tex. App.—Austin 1989, no writ). We review issues of statutory construction de novo. *Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019); *Tex. Dep't of Pub. Safety v. Jackson*, 76 S.W.3d 103, 106 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (noting, in case involving substantial evidence standard of review, that appellate issue which is question of law, such as statutory interpretation, is reviewed de novo). Our objective in construing a statute is to determine and give effect to the Legislature's intent, and we begin by examining the plain meaning of the language used in the statute. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). "A statute's unambiguous language controls." *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 261 (Tex. 2018).

We review a trial court's summary judgment ruling de novo. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021); *see also Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied) ("[W]e review the trial court's judgment under a substantial evidence review *de novo*."). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018). When the parties file cross motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Tarr*, 556 S.W.3d at 278 (quoting *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). If the trial court grants one motion and denies the other, the reviewing court should determine all questions presented and render the judgment the trial court should have rendered. *Id.* (quoting *City of Garland*, 22 S.W.3d at 356).

**B.      Whether the Commission Provided the Statutorily Required Fifteen Days' Notice of the Appeals Hearing to Spann**

Local Government Code Chapter 143 governs various employment matters concerning fire fighters and police officers, including classification and appointment, compensation, and disciplinary actions. *See* TEX. LOC. GOV'T CODE §§ 143.001–.403; *City of Athens v. MacAvoy*, 353 S.W.3d 905, 906–07 (Tex. App.—Tyler 2011, pet. denied); *Watts*, 126 S.W.3d at 100. Chapter 143 "outlines the

disciplinary process by which a municipality may suspend [a fire fighter] and how that [fire fighter] may appeal the suspension." *City of DeSoto v. White*, 288 S.W.3d 389, 392 (Tex. 2009).

A fire fighter may appeal specific actions, including disciplinary actions, to the Commission if the fire fighter files the appeal within 15 days after the date the action occurred. TEX. LOC. GOV'T CODE § 143.1015(a) (providing specific appeal procedures for municipalities with population greater than 1.5 million); *see id.* § 143.010 (providing general procedures for appeal of disciplinary actions to commission). The Commission shall render a decision in writing within 60 days after it received the notice of appeal. *Id.* § 143.1015(a). If the Commission does not render a decision in writing within 60 days, the Commission "shall sustain" the fire fighter's appeal. *Id.* "On or before the 15th day before the date the appeal hearing will be held, the commission shall notify" the fire fighter "of the date on which the commission will hold the hearing." *Id.* § 143.1015(b).

The Legislature adopted the Code Construction Act—Government Code Chapter 311—to provide rules that "are meant to describe and clarify common situations in order to guide the preparation and construction of codes." TEX. GOV'T CODE § 311.003. The Code Construction Act applies to "each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program" and "each amendment, repeal, revision, and reenactment of a code or code

11

provision by the 60th or a subsequent legislature." *Id.* § 311.002(1)–(2). Local

Government Code section 1.002 provides that the Code Construction Act "applies

to the construction of each provision in this code except as otherwise expressly

provided by this code." TEX. LOC. GOV'T CODE § 1.002.

The Code Construction Act includes a provision specifically relating to the

computation of time. Under Government Code section 311.014:

> (a)    In computing a period of days, the first day is excluded and the last day is included.
>
> (b)    If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday. . . .

TEX. GOV'T CODE § 311.014(a)–(b). Rule of Civil Procedure 4 contains a similar

provision. *See* TEX. R. CIV. P. 4 ("In computing any period of time prescribed or

allowed by these rules, by order of court, or by any applicable statute, the day of the

act, event, or default after which the designated period of time begins to run is not

to be included. The last day of the period so computed is to be included, unless it is

a Saturday, Sunday, or legal holiday . . . .").

Local Government Code section 143.1015 does not contain a provision

concerning how to compute time for the purpose of its notice requirement. We

therefore agree with Spann that Government Code section 311.014 applies to the

construction of Local Government Code section 143.1015(b). *See* TEX. LOC. GOV'T

CODE § 1.002; *Onwuteaka v. Cohen*, 846 S.W.2d 889, 893 (Tex. App.—Houston

[1st Dist.] 1993, writ denied) (concluding that because section of Property Code at issue did not have express provision governing computation of time for notice requirement, section 311.014(a) of Code Construction Act applied).

Under section 143.1015(b), the Commission was required to notify Spann "[o]n or before the 15th day before the date the appeal hearing will be held" of "the date on which the commission will hold the hearing." TEX. LOC. GOV'T CODE § 143.1015(b). The Commission notified Spann on June 28 that the appeal hearing would be held on July 12.[2] Using Government Code section 311.014 to compute time, the first day, June 28, is excluded. The counting of days thus began on June 29. Fifteen days after June 29 is July 13, the day after Spann's appeal hearing before the Commission. We conclude that Spann did not receive the statutorily mandated fifteen days' notice of "the date on which the commission will hold the [appeal] hearing." *See id.*

Appellants argue that Spann received more than fifteen days' notice because Spann "does not consider the additional days of notice he previously received for his earlier hearing dates." Appellants, however, cite no authority to support its argument

---

[2]     Spann argues that the Commission admitted in its discovery responses that it did not mail notice to him until June 29. That same discovery response stated that the Commission provided notice by email to Spann's representatives on June 28. Local Government Code section 143.1015(b) does not specify the manner in which the Commission is to provide notice of an appeal hearing to a fire fighter. However, regardless of which date is used as the starting point of this notice period, Spann did not receive fifteen days' notice as required by statute.

that these days can be considered, and the language of section 143.1015(b) suggests otherwise. That section states: "On or before the 15th day before the date the appeal hearing will be held, the commission shall notify the fire fighter . . . *of the date on which the commission will hold the hearing.*" *Id.* (emphasis added). Notice to Spann that his hearing before the Commission would be held on June 22 or June 29 is not notice that the hearing would be held on July 12, the date on which a quorum of the Commission was present and Spann's hearing was actually held. We conclude that the days of notice for the prior hearing settings cannot be considered in determining whether Spann received fifteen days' notice of the July 12 hearing date.

Appellants further argue that because Spann's appeal hearing had been set for two earlier dates and he had been ready to proceed on one of those dates (June 22), he "was not deprived of an adequate opportunity to prepare." Section 143.1015(b), however, does not contain a requirement that the fire fighter demonstrate prejudice if he did not receive fifteen days' notice of the hearing. The plain language of the statute states only that "[o]n or before the 15th day before the date the appeal hearing will be held, the commission shall notify the fire fighter . . . of the date on which the commission will hold the hearing." *Id.* Spann did not receive notice that the appeal hearing would be held on July 12 "on or before the 15th day before" that date. He was not required to demonstrate that receiving only fourteen days' notice of the hearing date prejudiced his ability to prepare for the hearing.

14

Additionally, Appellants argue that the Rules of Civil Procedure, including the computation of time provision found in Rule 4, do not apply to proceedings before the Commission. Even if Appellants are correct, Government Code section 311.014, which has analogous computation rules, *does* apply. *See id.* § 1.002 (providing that Code Construction Act "applies to the construction of each provision in this code except as otherwise expressly provided by this code").

Appellants further argue that even if section 311.014 is applicable, we should reverse because the Code Construction Act has "a broader perspective." Appellants point to section 311.021's five presumptions relating to the enactment of a statute, including presumptions that "a just and reasonable result is intended" and "public interest is favored over any private interest." *See* TEX. GOV'T CODE § 311.021(3), (5). Appellants argue that these presumptions weigh in their favor here because the Commission would have lost jurisdiction over Spann's appeal on July 13 if Spann is correct. *See* TEX. LOC. GOV'T CODE § 143.1015(a) ("If the commission does not render a decision in writing within 60 days after the date it receives notice of the appeal, the commission shall sustain the fire fighter's . . . appeal.").

The statutory presumptions in favor of a "just and reasonable result" and the "public interest" have never been interpreted to be automatic win provisions for governmental entities, or as excuses for disregarding the Legislature's chosen notice timeframe. Nor does statutory compliance in this instance result in an unfair windfall

to Spann. As Spann points out, the delay in holding the hearing on July 12 was not his fault. It is undisputed that Spann's appeal hearing was originally scheduled for June 22, a date well within the time period for the Commission to act, but the hearing could not be held because the Commission did not have a quorum. The Commission attempted to reschedule the hearing for June 29, but Spann's representative could not attend on that date. *See id.* § 143.010(c) ("In each hearing, appeal, or review of any kind in which the commission performs an adjudicatory function, the affected fire fighter . . . is entitled to be represented by counsel or a person the fire fighter . . . chooses."). Upon hearing that Spann's representative could not attend on June 29, the Commission could have immediately sent notice of a hearing set for July 12, and that notice would have been timely. However, the Commission waited until June 28 to send notice of a hearing on July 12, but by this point, Spann could not receive fifteen days' notice of the hearing date.

Finally, Appellants argue that the Commission "has its own rules for both evidence and procedure." Citing the Commission's "Rules for the Administration of the Civil Service System in the Fire and Police Departments," Appellants argue that the Commission is not "bound by any rules of order, evidence, or procedures in its meetings, hearings, or investigations, except such rules as it may itself establish . . . ." Appellants contend that because the Commission is not bound by the Rules of Civil Procedure, it may permissibly interpret section 143.1015(b)'s notice

16

provision as including both the first day of the time period—June 28—and the last day of the time period—July 12—which would make the notice sent on June 28 timely under the statute.

This argument runs afoul of Government Code section 311.014. When applying the computation rules set out in that statute, June 28 would not be included in the period of days. *See* TEX. GOV'T CODE § 311.014(a). Appellants cite no authority holding that the City of Houston or the Commission may ignore this statute enacted by the Legislature and instead apply a different computation rule. Indeed, the Texas Constitution prohibits home-rule municipalities, like the City of Houston, from enacting any charter or ordinance that is "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5; *Talley v. City of Killeen*, 418 S.W.3d 205, 207 (Tex. App.—Austin 2013, pet. denied); *see City of Houston v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013) ("An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute.") (quotations omitted).

We conclude that Spann did not receive fifteen days' notice of the appeal hearing before the Commission on July 12, as required by Local Government Code section 143.1015(b). *See* TEX. LOC. GOV'T CODE § 143.1015(b). The Commission's decision is therefore not "free of the taint of any illegality." *See Brinkmeyer*, 662

S.W.2d at 956. We hold that the trial court did not err by granting Spann's motion for summary judgment and denying Appellants' motion for summary judgment.

We overrule Appellants' first issue.[3]

**Conclusion**

We affirm the judgment of the trial court.


April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

---

[3] Because we hold that the trial court did not err by granting Spann's motion for summary judgment and denying Appellants' motion, Appellants are not the prevailing parties and are not entitled to attorney's fees. *See* TEX. LOC. GOV'T CODE § 143.015(c) (providing that in appeal of Commission decision to district court, court may award reasonable attorney's fees to prevailing party and assess court costs against non-prevailing party). We overrule Appellants' second issue.